## STEWART v. HILTON.

*(Circuit Court, D. Vermont. June 1, 1881.)*

1. POWER OF ATTORNEY—REVOCATION.

A power of attorney, given to secure the performance of an agreement, cannot be revoked by the donor without a satisfaction of the contract.

2. SAME—SAME.

In the prosecution of a suit the plaintiff's attorneys acquired a lien upon the claim, under an agreement with their client, and caused him to secure the same by the execution of a power of attorney, delegating the control of the litigation to his son. *Held,* that such power could not be revoked, and new attorneys employed by the donor, until he had satisfied his part of the agreement.—[ED.

*James Barrett,* for discontinuance.

*Edward J. Phelps,* for defendant.

*Lucius E. Chittenden,* for plaintiff.

WHEELER, D. J. This suit is founded on contract, and was brought in the state court. It was removed to this court before the last term, the plaintiff being a citizen of Vermont and the defendant of New York. According to the record certified from that court, attorneys of the state court, who were also attorneys of this court, appeared for the plaintiff there, and have continued their appearance here. The practice in the state courts of this state, followed in this court, is for any attorney of a court to appear for any party to any suit or proceeding therein, without being required to ask or obtain any leave of the court for that purpose. Since the last term another attorney of the state courts and of this

court has entered an appearance here for the plaintiff. At the call of the docket at this term the counsel for the plaintiff first appearing answer and set the case for trial; the counsel last appearing also answers, and insists upon entering a discontinuance. Upon this difference between the counsel for the plaintiff the court has heard them summarily, upon such proofs by affidavit as they have been able to present, as to which is entitled to control and direct about the case. The plaintiff has been, in person, in court, but has not assumed, to the court, control or direction of the case or of the attorneys in such manner as would warrant the court in acting upon his directions. From the proofs, it sufficiently, for present purposes, appears that the suit was brought upon an agreement between the plaintiff, his son Matthew Stewart, and the attorneys bringing it and appearing in it, that the attorneys should have a permanent lien upon the claim and the suit for their fees, charges, and disbursements, and that the control and management of the claim and suit should be placed in the hands of Matthew to secure the agreement, and that a power of attorney irrevocable, with full power to employ other attorneys, was made by him to Matthew in pursuance of that agreement; that the employment of the attorneys has been continued by him, and other considerable liabilities and expenses incurred by him and them, and charges have been made by them, none of which have been paid or re-imbursed, or offered to be; that the plaintiff has made some agreement with the defendant by which, for some sum of money, a part of which has been paid, the suit was to be discontinued at this term, against the understood wishes of Matthew and the attorneys; that the attorney last appearing was employed to carry out this agreement with the defendant; that the power of attorney was formally revoked, and notice of that fact and the employment of another attorney given to the attorneys, and they were discharged, so far as by such proceedings, out of court and under the circumstances, they could be discharged. It is alleged that the plaintiff lacks mental capacity for taking care of his rights involved, and that the court should guard his

interests as between the attorneys on that account. This claim may or may not be well founded in fact; there is not sufficient proof before the court for a satisfactory determination of that question, and this proceeding is not well calculated for that purpose and should not be used for it unless such a course is unavoidable. In this question the rights of the defendant are not so involved that any determination is to be made upon them, or affected by them. If he acquired any rights in bar of the suit by virtue of the agreement, he can have them tried upon a proper plea, and have the proper judgment entered; but whether the plaintiff should discontinue his suit or not without trial must be left wholly to himself or those standing in his rights, and to his or their properly-authorized attorneys, when ascertained. The court cannot properly try his right to have the suit ended in this manner, nor enforce an agreement to discontinue the suit by compelling a discontinuance, if such an agreement should be found. Such a course would interfere with the established procedure of the court, and with the right of each party to a trial of the issues in the case by jury. The attorneys of the parties are officers of the court, whose official duty is to represent the parties in court. By virtue of their employment they may have authority to act for their clients out of court and in vacation, but when they so act it is more as private agents of the parties than as officers of the court. When, as in this case, officers, as accredited attorneys of the court, appear in court for a party as the only attorneys, and afterwards another attorney, although equally accredited as an officer of the court, appears and claims to control the litigation to the exclusion of the others, it may well be questioned, especially when the party is himself personally present in court, whether the court should, upon proceedings merely shown to have taken place out of court and in vacation, allow any attorney but the first appearing to control the proceedings, until the party himself, in court, discharges the first and substitutes the other in his place. But it is not necessary to dispose of this question upon this ground; there is another which lies deeper and more affects the rights of the plaintiff now under consider-

ation. The power of attorney was made upon a good and valuable consideration, which was the undertaking by Matthew to prosecute the claim in suit, to continue the employment of the attorneys, for which they were to have the lien upon the claim and suit, and to incur such other expenses and liabilities as should be necessary, and such as he has incurred. The lien of the attorneys did not grow out of their employment as such, but out of the express agreement of the parties, and is such a lien as the plaintiff could by such agreement create; and its effect does not now depend upon any notice to the defendant, as it might if his rights were being considered. In *Bromley* v. *Holland*, 7 Ves. Jr. 3, it is said by Lord Chancellor Eldon, at page 28, concerning a power of attorney to collect and receive, not only for the principal but for others, that the court would not permit such a power to be revoked. It is laid down in Bouv. Bac. Abr. "Authority," E, that a power of attorney, executed for a valuable consideration, cannot be revoked. In *Walsh* v. *Whitcomb*, 2 Esp. 568, it was ruled by Lord Kenyon that where a power of attorney was a part of a security it was not revocable. This power of attorney, with the agreement under which it was executed, operated to vest an interest in the claim and the suit in Matthew and the attorneys which cannot be divested by the plaintiff of his own motion without satisfying his part of the agreement. *Gerrish* v. *Sweetser*, 4 Pick. 374. It is the clear duty and well-settled practice of courts to protect rights so acquired against hostile acts of those from whom they are acquired. *Halloran* v. *Whitcomb*, 43 Vt. 306.

Under these circumstances the counsel first appearing must be allowed to control the proceedings in court in the name of the plaintiff.

Case to stand for trial.