William H. Brown *v.* Theodore Skotland, Adminis-
trator of the Estate of Thomas Halverson, Deceased, A.
B. Guptill as Receiver of Mortgage Bank & Investment
Co., a Corporation, F. H. Welhasen, George M. Kenyon
and George Stanberry.

Opinion filed November 18, 1903.

**Usury.**

1. A finding by the trial court that a certain assumed agreement for
a loan was usurious, examined, and found correct.

**Power, Not Coupled With an Interest, Terminates by Death of Its Author.**

2. One H made written application for a loan from M, and in
such application appointed M's agent his attorney in fact to execute
a note and mortgage in case H failed to do so. Thereafter H died, be-
fore the loan was advanced or the application accepted by M. *Held,*
that such power of attorney was terminated by the death of H, it
not being a power coupled with an interest.

**Costs, Proper Exercise of Discretion.**

3. The trial court ordered judgment in favor of the defendant
for costs. *Held,* that the awarding of costs was discretionary, and
that such discretion was properly exercised.

**Cancellation of Note and Mortgage.**

4. Judgment was ordered canceling the note and mortgage which
were executed by M's agent, assuming to act under such power of
attorney. *Held,* not error.

Appeal from District Court, Bottineau county; *Morgan,* J.

Action by William H. Brown against Theodore Skotland and
others to foreclose a certain mortgage upon real property. From a
judgment in favor of defendant Skotland, plaintiff appeals.

Affirmed.

*M. H. Brennan and Burke & Middaugh,* for appellant.

The power of attorney was a power coupled with an interest. It
was for the benefit of the Mortgage Bank & Investment Company;
and being for the benefit of another than the author it was coupled
with an interest, and survived its author. Rev. Codes 1899, section
3403.

The application and agreement are to be construed together. They
authorized the expenditure to clear title, and the subsequent power

was given for the benefit of the Mortgage Bank & Investment Company, to which it was made, and for whose benefit it was executed. *Grandin* v. *Emmons,* 10 N. D. 223, 86 N. W. Rep. 723, 54 L. R. A. 610, 88 Am. St. Rep. 684; *Relly* v. *Phillips,* 57 N. W. Rep. 780 (S. D.) ; *Knapp* v. *Alford,* 40 Am. Dec. 241, 10 Paige 205.

When a power is a part of contract and is security for money, it is irrevocable. *Hunt* v. *Rousmanier's Admrs.,* 21 U. S. 174, 5 L. Ed. 589. Such power cannot be revoked by the author without satisfaction of the contract. *Stewart* v. *Hilton,* 7 Fed. 562, 19 Blatchford 290; *Marzin* v. *Pioche,* 8 Cal. 522; *Barr* v. *Schroeder,* 32 Cal. 609; *Norton* v. *Whitehead,* 24 Pac. 154. That the holder of the power is other than the beneficiary does not affect the matter; power is still irrevocable. *American Loan & Trust Co.* v. *Billings,* 59 N. W. Rep. 998; *Blackstone* v. *Buttermore,* 53 Pa. 266; *Merry* v. *Lynch,* 68 Me. 94; *Morgan* v. *Gibson,* 42 Mo. App. 234; *Hennessee* v. *Johnston,* 36 S. W. Rep. 774.

If mortgage is declared invalid, plaintiff is entitled to $230 paid on proof and $175 paid to administrator.

*Albert Besancon* and *B. G. Skulason,* for respondent, Skotland.

The mortgage and note were usurious. Out of an ostensible loan of $632.50, the borrower gets $175 only. The expenditure of $230 to perfect title is merely a cover, as the expenditures for that object—final proof—are merely nominal. Under any view, the borrower was to get but $405, and no more. It is practically conceded by appellant; and argument and authority are not needed.

Mears was not the attorney in fact of the deceased and had no authority to execute the mortgage and note; and the estate is not bound thereby. The power was not coupled with an interest and expired with the death of Halverson. Neither the Mortgage Bank & Investment Company nor Mears had any interest in the land to be mortgaged. The company's interest, if any, was only in the proceeds of the loan, to be made through the execution of the power itself. The author of the power owed neither the company nor Mears, so it was not in the nature of a security. The existence or nonexistence of an interest in the thing itself on which the power is to operate, is the universally accepted test; in this case, Halverson's land, on which the mortgage was given. 1 Am. & Eng. Enc. of Law 1217; Bishop on Cont. 1051; Clark on Cont. 749, 751;

*Bonney* v. *Smith,* 17 Ill. 531; *Mansfield* v. *Mansfield,* 16 Am. Dec. 76; *Alworth* v. *Seymour,* 44 N. W. Rep. 1030; *Barr* v. *Schroeder,* 32 Cal. 609; *Chambers* v. *Seay,* 73 Ala. 372; 1 Parsons on Cont. (8th Ed.) 71, note y; *Oregon, etc., Bank* v. *Am. Mortgage Co.,* 35 Fed. 22; *State of Missouri ex rel. Walker* v. *Walker,* 125 U. S. 339, 31 L. Ed. 769; *Johnson, etc., Co.* v. *Union, etc., Co.,* 59 Fed. 20; *Hartley and Minor's Appeal,* 91 Am. Dec. 207; *Darrow* v. *St. George,* 9 Pac. 791; *Wainright* v. *Massenburg,* 39 S. E. Rep. 725; *Cassiday* v. *McKenzie,* 39 Am. Dec. 76 and note; *Farmers Loan & Trust Co.* v. *Wilson,* 34 N. E. Rep. 784; *Smith* v. *Dare,* 42 Atl. Rep. 909.

The interest in the thing itself must be such that the agent can deal with it in his own name, and, in the event of the principal's death, exercise the authority in his own name. 1 Am. & Eng. Enc. of Law, *supra.*

The power to lend money on commission is not coupled with an interest. *Oregon, etc., Bank* v. *Am. Mortgage Co., supra.*

A power of attorney to sell and convey lands is revoked by the principal's death, although in terms irrevocable. *Harbers* v. *Little,* 11 Am. Dec. 25; *McClasky* v. *Barr,* 56 Fed. 712; *Funk* v. *Roe,* 7 Pac. 481; *Hanrick* v. *Patrick,* 119 U. S. 156, 7 Sup. Ct. Rep. 147, 30 L. Ed. 396.

Respondent Skotland is entitled to costs. Costs are discretionary with the court. Rev. Codes, section 5580; 5 Enc. Pl. & Pr. 184-189.

Fisk, District Judge. This is an action commenced for the purpose of foreclosing a certain mortgage upon real property, which mortgage was dated the 22d day of May, 1889, and given for the purpose of securing a note dated on said day for the sum of $632.50. The facts as found by the trial court must be accepted as true, as no statement of the case was settled, and we are therefore called upon only to determine whether or not the conclusions of law made by the trial court are warranted by the facts as found. The facts, briefly stated, are as follows: On December 24, 1888, one Thomas Halverson made a written application, through one E. Ashley Mears, to the Mortgage Bank & Investment Company, for a loan of $550, to be secured by a mortgage upon the real property described in the complaint; such loan to bear interest at the rate of 9 per cent per annum. Such application contained a stipulation that the sum of $230 should be paid for the necessary papers to complete title

to the lands described in the complaint, and the sum of $175 to be paid to the said Halverson. That by such application Halverson agreed that, in case the application should be accepted, he would execute his promissory note for the sum of $550, bearing interest at the rate of 9 per cent per annum, and also execute a mortgage securing the same upon the land in question. Such application also contains the following stipulation: "In the event of my failure to execute the same I hereby appoint E. Ashley Mears my attorney in fact, irrevocably, to make, execute, deliver and record them, hereby agreeing to ratify and confirm all my said attorney may do in the matter." During the month of March, 1889, Thomas Halverson died, and thereafter the defendant Skotland was appointed administrator of his estate, and duly qualified as such. Thereafter, and on May 22, 1889, the said Mears, assuming to exercise the authority given by Halverson in such application for loan, executed to said corporation, in the name of said Halverson, a promissory note for the sum of $632.50, bearing interest at the rate of 6 per cent per annum, evidence by certain coupon notes, and also executed to said corporation, in the name of said Halverson, a mortgage upon the land described in the complaint, to secure said note; said mortgage containing the usual covenants, and also a stipulation for $200 attorney's fee in case of foreclosure. That after the death of said Halverson the Mortgage Bank & Investment Company paid $230 for the purpose of completing title to the premises, and paid to the defendant Skotland, as administrator, the sum of $175; these sums being the only consideration for the said note and mortgage. That the note and mortgage were, for value, transferred to the plaintiff, William H. Brown, prior to the commencement of the action. From these facts the trial court found as conclusions of law, (1) that the assumed agreement evidenced by the note and mortgage was usurious; (2) that E. Ashley Mears, at the time of the execution of the note and mortgage, was not the attorney in fact of said Halverson, and had no authority to execute said note and mortgage, and that the estate of said Halverson is in no way bound by the stipulation in said note and mortgage, and that, as against such administrator, the note and mortgage are void, except as to the sum of $175; (3) that defendant is entitled to his costs and disbursements of this action; (4) that he is entitled to have said note and mortgage delivered up and canceled upon the payment of the sum of $175; and (5) that the defendant A. B. Guptill,

as receiver of said Mortgage Bank & Investment Company, and certain other defendants mentioned, have no estate, lien, or interest in the premises described in the complaint. The appellant urges that the trial court erred, first, in holding said note usurious; second, in holding that said Mears was not the attorney in fact of Thomas Halverson, deceased, and had no authority to execute the note and mortgage; third, in holding that the defendant was entitled to costs; fourth, in holding that defendant is entitled to have the note and mortgage delivered up and canceled; and, fifth, in ordering judgment against plaintiff for such cancellation and for costs.

The first assignment of error is wholly without merit. Under the agreement for the loan, Halverson was to receive only the sum of $175, and the sum of only $230 was to be advanced for the purpose of perfecting title to the property. Therefore the utmost that can be claimed is that Halverson was to receive through said loan, the sum of $405 only, and was to execute his note for $550, and the note which was actually executed by Mears was for $632.50, which latter sum, we presume, was arrived at by computing interest in advance on the sum of $550. There was therefore a bonus of at least $145 agreed upon. It is therefore apparent that the finding of the trial court that the transaction was usurious was correct.

The second assignment of error is equally untenable. The power of attorney included in the application for loan, which authorized Mears to execute the note and mortgage, was revoked by the death of Halverson. It was not a power coupled with an interest. Therefore, under the rule universally established, such power ceased at the death of the author thereof. Prior to the date of Halverson's death nothing had been done under the application by the investment company. The application for the loan is not set out at length in the record, but, from what appears in the findings, it did not constitute a contract at all, but was a mere proposition on the part of Halverson to make the loan; and, until the same was accepted by the Mortgage Bank & Investment Company, Halverson was at liberty to revoke the same, and, so far as the record discloses, no such acceptance ever took place—at least, not until after notice of the death of Halverson, which, of course, would be too late. If Halverson had a right to revoke the same during his lifetime, and before acceptance of the same by the investment company, as he unquestionably had, then it follows that his death would operate to revoke

the same. But assuming that the application was accepted by the investment company prior to Halverson's death, and that the contract was not usurious, still we are clearly of the opinion that the power of attorney given to Mears did not survive the death of Halverson. If the investment company thereafter advanced the money, it did so at its peril. This power was not coupled with an interest in the subject of the agency, and hence was terminated by the death of Halverson. Rev. Codes 1899, section 4350. Neither Mears, the alleged agent, nor the Mortgage Bank & Investment Company, the alleged principal, had any interest in the land to be mortgaged. The company was interested only in the profits to be derived from the loan, which could be realized only through the execution of the power. Mears had no interest whatever. The leading case in this country defining the phrase "coupled with an interest" is *Hunt* v. *Rousmanier,* 8 Wheat. 174, 5. L. Ed. 589. The opinion in this case was written by Chief Justice Marshall in 1823, and has been generally followed and approved by the courts of the country ever since. We quote from the opinion as follows: "We think it well settled that a power of attorney, though irrevocable during the life of the party, becomes extinct by his death. * * * This general rule that a power ceases with the life of the person giving it admits of one exception. If a power be coupled with an interest, it survives the person giving it, and may be executed after his death. As this proposition is laid down too positively in the books to be controverted, it becomes necessary to inquire what is meant by the expression 'a power coupled with an interest.' Is it an interest in the subject on which the power is to be·exercised, or is it an interest in that which is to be produced by the exercise of the power? We hold it to be clear that the interest which can protect the power after the death of a person who creates it must be an interest in the thing itself. In other words, the power must be ingrafted on the estate in the thing. The words themselves would seem to import this meaning. 'A power coupled with an interest' is a power which accompanies or is connected with an interest. The power and the interest are united in the same person. But if we are to understand by the word 'interest' an interest in that which is to be produced by the exercise of the power, then they are never united. The power, to produce the interest, must be exercised, and by its exercise is extinguished. The power ceases when the interest commences, and therefore cannot, in accurate law language, be said

to be 'coupled' with it." The existence or nonexistence of an interest in the thing itself on which the power is to operate is the universally accepted test. There are a multitude of authorities holding this doctrine, but we deem it useless to cite them. We refer simply to 1 Am. & Eng. Enc. of Law, p. 1217, where a great many of the cases are collected. Counsel for appellant have cited numerous cases in their brief, all of which we have examined, and find none in point. It would serve no useful purpose to analyze them, but we cite them below, and an examination thereof will disclose that they are not' in point. The following are the authorities cited by appellant: *Grandin* v. *Emmons* (N. D.) 86 N. W. 723, 54 L. R. A. 610, 88 Am. St. Rep. 684; *Reilly* v. *Phillips* (S. D.) 57 N. W. 780; *Knapp* v. *Alvord,* 40 Am. Dec. 241; *Stewart* v. *Hilton,* 7 Fed. 562; *Norton* v. *Whitehead* (Cal.) 24 Pac. 154; *Hennessee* v. *Johnson* (Tex. Civ. App.) 36 S. W. 774; *Am. Loan & Trust Co.* v. *Billings* (Minn.) 59 N. W. 998; *Barr* v. *Schroeder,* 32 Cal. 609; *Blackstone* v. *Buttermore,* 53 Pa. 266. This disposes of appellant's second assignment of error.

It is next urged that the court below erred in allowing costs to respondent. Costs were wholly discretionary (section 5580, Rev. Codes 1899), and we cannot hold that there was an abuse of discretion. On the contrary, we are of the opinion that the trial court very properly allowed such costs. The plaintiff wholly failed to show himself entitled to the relief prayed for, while, on the other hand, defendant recovered affirmative relief.

This brings us to the last two assignments of error, which are, that the court erred in holding that the defendant is entitled to have the note and mortgage delivered up and canceled of record, and in ordering judgment accordingly. These assignments of error are predicated, no doubt, upon the theory that, although the note and mortgage are void, still plaintiff is entitled to recover the moneys actually paid out by the investment company, and to enforce the note and mortgage to this extent. We are unable to give our assent to this theory. As to the sum of $175, which was paid to defendant Skotland, no question is raised, as defendant, in his answer, prays that plaintiff be allowed to recover said sum, and the trial court ordered such payment as a condition to the cancellation of the note and mortgage. As to the $230, which was paid for the purpose of making final proof and perfecting title, no recovery can be had in this action. This payment was made after the death of

Halverson, and, as we have already said, the power of attorney was terminated, and the contract for loan, if any valid contract or any contract ever existed, was wholly extinguished, at the death of Halverson. Nor was this money paid to or for the benefit of defendant Skotland, as such administrator, and, as we view it, the same was a mere voluntary payment, and resulted to the benefit only of the heirs at law of the deceased. Under these facts, we are of the opinion that the trial court very properly held adversely to appellant, and that these assignments of error are also without merit.

The judgment of the district court is in all things affirmed. All concur.

MORGAN, J., having tried the case in the court below, took no part in the decision; HON. C. J. FISK, judge of the First judicial district, sitting in his place by request.