WILLIAM V. RYAN, Respondent, v. GILBERT BREMSETH, Appellant.

(186 N. W. 818.)

Appeal and error — in the absence of settled case, findings must be accepted; and the evidence is presumed to support material facts alleged.

1. In the absence of a settled case containing the evidence, the facts found by the trial court must be accepted as true; the presumption obtains that the evidence supports the material facts alleged in the complaint and that the findings are supported by the evidence and, further, that additional matters covered by the findings and not embraced in the issues formed by the pleadings were properly determined by action of the parties at the trial.

Appeal and error — in the absence of a settled case, the Supreme Court may determine whether the conclusions are warranted by the findings and review the judgment roll.

2. In the absence of a settled case, the Supreme Court may determine whether the conclusions of law are warranted by the findings of fact and may review error appearing affirmatively in the judgment roll.

Pleadings — complaint first challenged on appeal will be liberally construed, and, if its defects were amendable, it will be sustained.

3. A complaint, challenged for the first time upon appeal as to its sufficiency, will be liberally construed and, if any defects therein could have been remedied by amendment in the trial court, will be sustained.

Pleading — in absence of settled case and upon objection first in the Supreme Court, a complaint to cancel a contract held not objectionable after foreclosure as alleging cause for rescission alone.

4. In the absence of a settled case, and upon the presentation of an objection for the first time in the Supreme Court, a complaint, seeking in equity to rescind and cancel a contract for a deed, followed by a trial, and findings and judgment providing for a strict foreclosure, is not subject to the objection that it alleges a cause of action for rescission alone.

Appeal and error — in the absence of a settled case, findings, conclusions and judgment of strict foreclosure of contract for deed with liquidated damages held not error.

5. In the absence of a settled case, findings of fact, conclusions of law and a judgment providing for the strict foreclosure of a contract for a deed and determining that the vendor shall retain payments made upon the contract as liquidated damages in compensation for use and occupancy, or for rental value of the land, pursuant to an express stipulation in the contract, and that the vendor shall receive one-half of the grain crop, produced during the year of litigation, are not erroneous.

**Vendor and purchaser — in equitable foreclosure of contract for deed notice of intention to cancel is not necessary.**

6. In an equitable action for the foreclosure of a land contract it was not necessary, as a condition precedent, that a written statutory notice of intention to cancel be served.

**Vendor and purchaser — on strict foreclosure of land contract purchaser held entitled to a further extension of time to meet defaults.**

7. In a judgment providing for strict foreclosure of a land contract, although the trial court did not err in not granting the statutory period of redemption, nevertheless, upon equitable principles it is *held*, that the vendee was entitled upon the facts as found, to a further extension of time within which to meet the defaults found, consistent with plaintiff's rights and crop production.

Opinion filed Jan. 19, 1922.

Equitable action in District Court, Ramsey County, *Buttz*, J., to cancel a land contract.

Judgment amended and further period of redemption allowed.

*Flynn, Traynor & Traynor* and *Adamson & Thompson,* for appellant.

"Before the owner of land who has agreed to convey the same by a contract of sale, can cancel the contract for non-compliance therewith he must proceed promptly to declare his election to cancel on discovery of defaults and if he does not proceed promptly to do so, he will be deemed to have waived his right to insist that the vendee has lost his rights in equity on account of failure to comply with his contract." See Timmons v. Russell, 13 N. D. 487; also the following cases following same rule: Kicks v. State Bank of Lisbon, 12 N. D. 576; Smith v. Detroit, etc., (S. D.) 97 N. W. 17; Fergusson v. Talcott, 7 N. D. 183; Bozum v. Johnson, 8 N. D. 306; Pres. v. Lee, (S. D.) 86 N. W. 642.

*J. F. T. O'Connor, C. F. Peterson,* for respondent.

A variance is immaterial unless actually and prejudicially misleading, and shown to the satisfaction of the court to be so. Compiled Laws 1913, § 7476; Halloran v. Holmes, 13 N. D. 411, 416, 101 N. W. 310; Weber v. Lewis, 19 N. D. 473, 126 N. W. 105.

The function of the complaint is to inform defendant of the nature of plaintiff's demand so that he may not be mislead in the preparation

of his defense. If the complaint does this in a general way, it is sufficient as against an attack by demurrer although inartificially drawn. 31 Cyc. 101 and cases cited; Sleeper v. Baker, 22 N. D. 386, 39 L. R. A. N. S. 664, 134 N. W. 716; West End Furniture Co. v. Norman, 44 N. D. 45, 176; N. W. 5; Gessner v. Horne, 22 N. D. 60, 132 N. W. 431.

A complaint challenged for the first time upon the trial by an objection to the introduction of new evidence thereunder will be liberally construed and sustained it if is reasonably possible to do so every presumption will be indulged in favor of the pleading. Morris v. Occident Elev. Co. 33 N. D. 477, 157 N. W. 486; Christoferson v. Wee, 24 N. D. 506, 130 N. W. 689; Rodeo v. Seaman, 33 S. D. 241, 45 N. W. 441; Neilson v Edwards, 33 S. D. 398, 148 N. W. 844.

## Statement

Bronson, J. The defendant has appealed from a decree canceling and foreclosing a contract for a deed. The evidence has not been settled nor certified. Upon the judgment roll and findings the conclusions of the law and the judgment of the trial court are questioned. The facts, as they appear therefrom, are: On July 23, 1918, plaintiff, through a contract for a deed, agreed to sell and to convey to the defendant approximately one section of farm lands in Ramsey county. The defendant agreed to pay therefor $35,392.50, as follows: The assumption of the Prosser mortgage, a lien upon the lands, for $7,840, together with interest thereon after November 22, 1918; the assignment of a contract for a deed upon a section of land in Montana subject to liens for $2,765, defendant to receive a credit of $7,235 therefor; the conveyance of 160 acres of land in Benson county, N. D., subject to liens for $1,900, defendant to receive credit of $1,800 therefor. The balance of the purchase price ($18,517.50, with the interest thereon at 6 per cent.) the defendant agreed to pay by the delivery of one-half of all grain to be sown and grown on the lands beginning with the crop for the year 1919, such grain to be delivered in designated towns or on board cars at defendant's cost and expense, and the proceeds thereof applied first in the payment of interest, and then of the principal. The defendant further agreed to pay all taxes and assessments upon the lands commencing with the year 1918. The contract provided that until the delivery of

one-half of such grain the legal title to, and the absolute ownership of, all grain should be and remain in the plaintiff; further, that in case of default the defendant agreed to surrender possession of the premises and to forfeit all payments made to the plaintiff as liquidated damages and as compensation for the use of the farm during the time the defendant had possession.

The plaintiff instituted action December 10, 1920. The complaint alleges defaults of the defendant as follows: Failure to pay the Prosser mortgage, either principal or interest; taxes for 1919 and 1920; failure to pay the entire interest due on the balance of the purchase price or any part of the principal thereof; failure to deliver or account for the crop of 1920; failure to farm the premises in a good and husbandlike manner. It further alleges that the Prosser mortgage is about to be foreclosed; that the defendant occupies the premises and will permit such foreclosure; that the contract constitutes a cloud upon plaintiff's title; that the procedure at law for the cancellation thereof will require at least six months, and that the land should be prepared for the crop season of 1921; that accordingly plaintiff applies to a court of equity for relief to the end that the contract may be canceled and declared null and void and decreed to constitute no lien, and that plaintiff be awarded possession of premises on or before March 1, 1921.

The answer alleges, among other things, that the land was exceedingly foul when defendant took possession; that he has farmed it in a good and husbandlike manner, so as measurably to free the land of its foul condition; that he has repaired the buildings and dug a well on the land at an expense of approximately $1,500; that he has actually invested in such land, including his equities in the Montana and Benson county lands, $13,603.30; that the contract does not contain all of the agreements between the parties; that after the preparation of the contract' plaintiff assured the defendant that no default would be claimed by reason of failure to make payment of principal or interest on the Prosser mortgage or taxes on the land; that, if the defendant was unable to make such payments, the plaintiff would take care of them and simply add the amount thereof to the contract. He further alleges waiver of the alleged defaults; that plaintiff accepted the payment of $907.25 from defendant on December 1, 1920, after the Prosser mortgage and interest became due; that plaintiff further permitted defendant to proceed with plowing and other farming operations in the fall of 1920; that defendant

plowed and prepared for crop for the year of 1921, 325 acres of land, in addition seeded, in the fall of 1920, 90 acres in rye; further that, by reason of the payments made by the defendant to plaintiff, he was unable to pay the interest and principal of the Prosser mortgage and the taxes for 1919 and 1920; that the interest on the Prosser mortgage has been paid by the plaintiff and an extension of time secured by the plaintiff for the payment of such mortgage. It further alleges that the forfeiture clause in the contract is unjust; that the liquidated damages therein specified are void and in the nature of a penalty, since they in no manner furnish an accurate measure of damages which plaintiff might sustain by reason of defendant's defaults.

The action was tried May 9 to 11, 1921. The trial court found that the improvements made by defendant did not enhance the value of the land to any great extent, excepting the well to the extent of at least $600; in general, concerning farming methods, that defendant has acted in good faith and has gone to large expense in order to farm the land; that the price received for the 1920 grain is the price to be credited the defendant for the reason that he requested the grain to be held; that the defendant is in default concerning the 1919 and 1920 taxes, excepting as to the portion of the latter not yet delinquent, and in the payment of interest on the Prosser mortgage for 1919 and 1920 in the sum of $1,010, which was paid by plaintiff on December 1, 1920; that there was no understanding that plaintiff was to make payments of interest or principal on such mortgage when due or that no default would be claimed in the event of defendant's failure to pay the interest or the mortgage; that it was, however, a part of the agreement that plaintiff would do what was necessary to renew the Prosser mortgage if defendant was unable to pay the same; that plaintiff frequently requested defendant in 1920 to pay the interest on such mortgage and the taxes; that the Montana and Benson county properties, at their present market values, and considering the amount of money defendant has put into the same, are not sufficient to compensate the plaintiff for the use and occupancy, or for the rental value, of the land involved, or more than enough to pay him for the loss in damages actually sustained, if he be compelled to take back the land. The court further finds, pursuant to a statement incorporated in the findings, that the total interest accrued on the purchase price of the land up to December 1, 1920, amounted to $2,456.94; that the defendant's debt, including 1919 and 1920 taxes and the amount

paid by the plaintiff on the Prosser mortgage, has increased from $18,-517.50 on October 1, 1918, to $20,483.74 on December 1, 1920. The court also finds that defendant is in default to the extent of 39½ bushels of wheat out of the crop of 1920; further that, if the defendant is unable to make good the defaults on or before September 15, 1921, he may retain one-half of the crops raised upon the land in 1921, upon payment of all expenses, excepting one-half of the thresh bill, and delivery of plaintiff's remaining share in the elevator.

As conclusions of law the trial court determined that the defendant was in default by reason of the failure to pay taxes and interest on the Prosser mortgage and to deliver wheat out of the crop of 1920; that the plaintiff was entitled to retain the property and money received as his damages under the contract; that the plaintiff was entitled to one-half of the 1921 crop less one-half of the thresh bill; that the plaintiff should do what was necessary towards renewing the Prosser mortgage, and to that extent the contract was reformed; that the defendant was entitled to make good the defaults on or before September 15, 1921; otherwise that plaintiff should have immediate possession and should be fully reinvested with all title. Pursuant to such findings, judgment was entered on August 19, 1921.

On September 14, 1921, upon application of the defendant, reciting his inability to make good the defaults by reason of inability to thresh, the court granted an extension of time until October 5th and a stay of execution. Again, on October 3d, upon a similar application by the defendant for an extension of time in order to enable him to complete threshing, haul, and market the grain, the trial court extended the time within which to make good the defaults until October 20, 1921. On October 26, 1921, upon application of the plaintiff showing failure of the defendant to perform the conditions of the judgment, the trial court ordered judgment to be made final and defendant's interest in the land and right of redemption absolutely at an end.

The defendant contends that the complaint alleges, and the plaintiff has elected to state, a cause of action for rescission and cancellation; that, accordingly, the plaintiff, pursuant to his election, cannot rescind the contract and retain the benefits derived; that the trial court erred in entering a judgment of foreclosure; that the plaintiff, by accepting $907.25 on December 1, 1920, and the crop of 1920, waived the right to insist on foreclosure for the defaults then existing; that no notice of

intention to cancel the contract was ever given as required by statute; that the forfeiture clause in the contract is in the nature of a penalty, and its enforcement, upon the findings, operates to penalize the defendant; that the trial court erroneously permitted the plaintiff to retain one-half of the crop for 1921; that erroneously the trial court denied to the defendant the right to make good the defaults within six months from the date of the judgment; that these errors appear upon the face of the judgment roll.

## Decision

Manifestly, in the absence of a settled case, this court cannot try anew the questions of fact involved. National Cash Register Co. v. Wilson, 9 N. D. 112, 81 N. W. 285. There can be no review of the findings of fact without a settled case; the facts found by the trial court must be accepted as true. This court may determine whether the conclusions of law made by the trial court are warranted by the facts as found. Thuet v. Strong, 7 N. D. 565, 75 N. W. 922; Brown v. Skotland, 12 N. D. 445, 97 N. W. 543; Brandenburg v. Phillips, 18 N. D. 200, 202, 119 N. W. 542. The presumption obtains that the evidence supports the material facts alleged in the complaint, and that the findings are supported by the evidence. Whitney v. Akin, 19 N. D. 638, 643, 125 N. W. 470; Regent State Bank v. Grimm, 35 N. D. 290, 294, 159 N. W. 842. It may further be presumed that additional matters covered by the findings of fact and not embraced in the issues formed by the pleadings were properly determined by action of the parties at the trial. Raad v. Grant, 43 N. D. 546, 169 N. W. 588, 590. However, error appearing affirmatively in the judgment roll requires no settled case for the review thereof. Savold v. Baldwin, 27 N. D. 342, 345, 146 N. W. 544.

The contention of the defendant that the complaint is insufficient to sustain the cancellation and foreclosure of the contract as determined by the trial court is without merit. The rule is well settled that a complaint challenged for the first time upon appeal as to its sufficiency will be liberally construed, and, if any defects therein could have been remedied by amendment in the trial court, will be sustained. Ditton v. Purcell, 21 N. D. 648, 656, 132 N. W. 347, 36 L. R. A. (N. S.) 149; Jensen v. Clausen, 34 N. D. 637, 645, 159 N. W. 30. The evident intent

of the pleadings and the proceedings in the trial court was to cancel and foreclose the contract by an equitable proceeding.

Likewise the contention that plaintiff waived rights of foreclosure by accepting payment on December 1 1920, cannot be sustained in the absence of the evidence. The trial court found that the sale of the 1920 grain was delayed upon the request of the defendant.

No statutory written notice of intention to cancel the contract was required in order to maintain this action. Chap. 151, Laws 1917; Raad v. Grant, 43 N. D. 546, 169 N. W. 588, 592. The trial court found that the plaintiff repeatedly gave notice to the defendant of intention to cancel the contract if defaults were not made good. The trial court found that the Montana and Benson county properties, upon present market values and considering defendant's equities therein, were insufficient to compensate plaintiff for use and occupancy or for rental value of the land, or to pay damages sustained by plaintiff. The trial court concluded that the plaintiff was entitled to retain payments made by defendant on the contract. The contract contains an express stipulation so providing in the event of default. From the findings it appears that the interest accrued, upon the balance of the purchase price up to December 1, 1920, amounts to $2,456.94; the interest on the Prosser mortgage paid by the plaintiff is $1,010; the amount of the unpaid taxes for 1919 and 1920 is $711.59. This makes a total of $4,178.53, indebtedness accrued since the date of the contract, owing the plaintiff. The defendant has paid $2,212.29. Adding to this amount the value of the well as found by the court, $600, makes a total of $2,812.29 paid, or to be used as a credit, in favor of the defendant.

Accordingly the defendant has failed to meet subsequent accruing indebtedness, even allowing a credit for the well, to the extent of $1,-366.24 up to December 1, 1920. Presumably the interest accruing on the balance of the purchase price since December 1, 1920, and the 1921 taxes will considerably exceed in amount the value of one-half of the 1921 crop retained by the plaintiff. The findings do not disclose the value of any equity remaining in the Benson county or Montana properties, whether possessed by the plaintiff or the defendant, nor whether any right or title is still retained in such properties either by the plaintiff or the defendant. From the findings it appears that the defendant has contributed no money or property so as to constitute an equity in the balance of the purchase price due upon the contract. The value of the

equity contributed upon the purchase price through the Montana or Benson county properties is left unsettled and undetermined. What the evidence may have disclosed in this regard assuredly we cannot ascertain nor determine, in the absence of its settlement and certification. Unless manifest injustice in equity should result thereby, it was proper for the trial court to give effect and recognition to the stipulation of the parties providing for retention of payments by the vendor. Pfeiffer v. Norman, 22 N. D. 168, 173, 133 N. W. 97, 38 L. R. A. (N. S.) 891. Upon the record, in its present shape, we are unable to state or to hold that the trial court erred in its conclusions with regard to retention of the payments made. We are further of the opinion that the trial court did not err in granting to the plaintiff one-half of the 1921 crop. The computations above stated and the inferences to be drawn from, and the presumptions attaching to, the findings are sufficient to justify such conclusion. The contract further expressly provides for retention of legal title to crops in the plaintiff. We are further of the opinion that the trial court did not err in not granting a six months' period of redemption as provided in cases of a statutory foreclosure. Chap. 151, Laws 1917; Raad v. Grant, 43 N. D. 546, 169 N. W. 588, 592.

However, we are of the opinion that the defendant should be accorded, upon equitable principles, a further time beyond that allowed by the trial court within which to make good the defaults found. The plaintiff did not proceed by the statutory method of cancellation. Through such method the defendant would have been entitled to a six months' period of redemption. The plaintiff sought, by an equitable action, to secure speedy relief and more appropriate action. As it has happened through the course of litigation, the time within which plaintiff secured possession of the land under the decree was delayed beyond the statutory time that would have occurred in a statutory cancellation. The plaintiff has sought the aid of equity, and the plaintiff must, and this court should, as far as the present record will permit, accord to the defendant equity. It is manifest, in a period of deflation of land prices such as the parties assert to exist, that loss by one or both of the parties cannot be escaped as far as present money values are concerned. Upon such basis the defendant will suffer loss, if he makes good the defaults; and, if he does not, he will suffer loss equally or more. Upon such basis the plaintiff will suffer loss if such defaults are not made good. Accordingly the plaintiff is not in a posi-

tion to complain if equity affords an opportunity to make good the defaults found. The plaintiff, in equity, has sought the cancellation of the contract. The trial court, through its findings, in equity has awarded a strict foreclosure. The remedy of a strict foreclosure is a harsh remedy. Ordinarily equity will not avail thereof, if other methods of foreclosure can be utilized with justice to the parties. From the findings it appears that the defendant tried, in good faith, to till the lands involved in a good and husbandlike manner; that he made some improvements on the land; that even after this action was started he farmed the lands, harvested and threshed grain thereon; that in the fall of 1921, and after the rendition of the judgment herein, he did plowing and sowed rye upon the lands, evidently contemplating a continuance of the contract and the ability to meet the defaults. These actions of the defendant did not serve to injure plaintiff's interests or his property rights. Although the trial court, after the rendition of the judgment, accorded to the defendant two extensions of time within which to meet the defaults, nevertheless we are of the opinion that justice and equity, under the circumstances, require that defendant be accorded every opportunity to meet the defaults found, consistent with plaintiff's rights.

In the findings it appears that a credit of $9,035 for the Benson county and Montana lands was given by the plaintiff upon the purchase price of the land involved herein. It is true that the trial court found that the properties at their present market values, considering defendant's investment therein, are insufficient to compensate the plaintiff for his losses sustained. However, the trial court does not determine their present market value or the present value of defendant's equities therein. Although upon the record we are unable to hold that it was error to decree to the plaintiff the retention of the credit given by the defendant for the Benson county and Montana lands, nevertheless it does not appear affirmatively that full justice is done by retaining such credit and decreeing a strict foreclosure within a comparatively limited time. In such circumstances equity should do full justice, and not by halves. If, now, a foreclosure through sale of the premises should be ordered, it might simply serve purposes of either jeopardizing or destroying the rights and interests of both parties; those of the defendant by imposing an insurmountable burden of costs and the payment of the full obligation; those of the plaitniff by denying the present enforcement of existing defaults and by greatly lessening the value of his lien. A strict fore-

ciosure has been awarded wherein the present values of all the lands concerned are not found nor determined nor the equities therein. Pursuant to the findings, the defendant has paid the interest accruing on his indebtedness for two years and two months, up to December 1, 1920, lacking the sum of $244.65. His farming methods have not injured plaintiff's interests or the land. His defaults consist in the failure to pay his 1919 and 1920 taxes and interest on the Prosser mortgage. He has an apparent investment in this land, figured at the date of the purchase, of $9,035. Under the circumstances it is our opinion that plaintiff, seeking to avail of the harsh remedy of a strict foreclosure, must accord to the defendant an opportunity to meet the defaults mentioned if thereby his interests are not jeopardized and damaged. It is therefore ordered that the judgment of the trial court be amended as follows: On or before March 1, 1922, the defendant shall pay to the plaintiff the sum of $500. On or before March 1, 1922, the defendant shall pay to the plaintiff the sum of $500. On or before March 1, 1922, the defendant shall pay to the plaintiff the further sum of $500, or, in lieu thereof, tender for the approval of the trial court security for the payment thereof on or before December 1, 1922. Thereupon, and upon the approval of the security, if tendered, the foreclosure stipulated in the judgment shall be stayed until December 1, 1922, and the trial court shall award to the defendant possession. The balance of the existing defaults, as found in the findings and judgment, shall be made good by the defendant on or before December 1, 1922. If the defendant makes good the defaults as herein provided, no costs of this court shall be allowed.

It is so ordered.

CHRISTIANSON and BIRDZELL, JJ., concur.

GRACE, C. J., concurs in the result only.

ROBINSON, J. (dissenting). Truly this is a Shylock action. On October 1, 1918:

The plaintiff contracted to sell defendant a section of land in

Ramsey county, N. D., at $55 an acre ....................................$35,392.50

He sold the same subject to a mortgage for ...............................  7,840.00

He received and gave credit for a section of Montana land........  7,235.00

He gave credit for land in Benson county ....................................  1,800.00

From the crops of 1919-20 he received paymnet ........................... 2,413.20
He received a good well on the land ........................................... 600.00
—with considerable other improvements.

And on December 10, 1920, within 10 days after receiving nearly $1,000, he commenced this action to forfeit the land contract and all payments because of the nonpayment of illegal and excessive taxes for two years and the non-payment of about $1,000 on the mortgage which defendant assumed. The action is under a Shylock clause in the contract which provides for such a forfeiture. Defendant answers that because of that clause he refused to sign the contract, and that to induce him to sign the plaintiff agreed that he would not take any advantage of the forfeiture, and that he himself would advance the money to pay interest on the mortgage and to pay the taxes. Defendant by answer asks that the contract be reformed and corrected so as to express that agreement; but the trial court has ignored that issue and all the defendant's equities and has given a judgment of forfeiture and an order ousting the defendant and giving plaintiff possession. Surely that seems like a mockery of equity and justice, and it may not be covered up by a multitude of words. Of course, the defendant acted the part of a sucker when he relied on the oral agreement to protect himself against the forfeiture clause. Still he had a right to rely on it and to rely on the court to reform the contract. No evidence is needed to show that the forfeiture clause is unconscionable, and here is the plain statute:

"For the purpose of revising a contract it must be presumed that the parties thereto intended to make an equitable and conscientious agreement."

The court has wholly ignored that statute and the request to revise the contract. Hence the duty of this court is to reform the contract by striking out or holding void the forfeiture clause. We must not ignore the rule that equity never enforces a penalty or a forfeiture. We must not ignore the plain words of the statute, which is that equity will not enforce a penalty or a forfeiture in any case. Comp. Laws 1913, § 7188. The plaintiff has no right to claim a forfeiture. He has received about one-third of the purchase price of the land. His position is that of a mortgagee. He holds the legal title of the land only as security for the balance of the purchase money. His remedy is that of a mortgagee, to obtain a decree of foreclosure and sale of the land for the sum due, subject to redemption as provided by statute.

The judgment should be reversed, with directions to strike out the forfeiture clause of the contract and permit the plaintiff to take a regular judgment of foreclosure and sale.