AMERICAN LOAN & INVESTMENT COMPANY, a Corporation, Appellant, v. JOHN A. DALEN, Respondent.

(191 N. W. 490.)

**Appeal and error — where no proper or legal service of notice or of undertaking on appeal, it will be dismissed — service of notice of appeal and undertaking on a total stranger to record ineffectual.**

In the above-entitled appeal, there was no proper or legal service of the notice of appeal or of the undertaking on appeal, hence, the appeal is dismissed.

Opinion filed December 21, 1922.

Appeal and Error, 3 C. J. § 1257 p. 1185 n. 26; § 1341 p. 1238 n. 53.

An attempted appeal from a judgment of the District Court of Stutsman County, *Coffey, J.*

Appeal dismissed.

*William Maloney,* for appellant.

GRACE, J. This is an attempted appeal from a judgment of the district court of Stutsman county. The plaintiff brought an action to cancel a certain contract between plaintiff and defendant, for the purchase of certain land. It had judgment of a cancelation. Personal service of summons was not made upon the defendant. The summons was issued and delivered to the sheriff of Stutsman county, who in his return stated that after search and inquiry he had been unable to find the defendant in Stutsman county and was unable to make personal service. E. L. Isensec, an officer of plaintiff corporation, made an affidavit on its behalf to the effect that the residence of the defendant was not known, and this, though the contract, as set out in the

complaint, shows that the defendant is of Nunda, Lake county, South Dakota. The summons was published; the matter was brought on for hearing at a regular term of the district court for Stutsman county. Defendant made no appearance and so far as this record shows, defaulted.

It is not necessary to the disposition of this case to enter into a discussion of what steps are proper and necessary under the laws of this state, relative to the procedure to be followed in obtaining constructive service of a summons. All information in that respect may be easily acquired by consulting our statutory requirements. This matter may be disposed of on other grounds. As we understand the matter, the case having been heard and it appearing that the defendant was in default, the court desired that plaintiff make findings of fact and conclusions of law covering the issues in the case. The plaintiff, however, contended that inasmuch as it was a default case, that this was unnecessary. The court then made such findings of fact as are in the record. They do not cover the real issues in the case. They merely recite what the complaint asserts, without making any actual finding as to the facts concerning the default. We think the plaintiff should have prepared findings of fact and conclusions of law covering the issues, and presented them to the court as it desired. The plaintiff feeling aggrieved at the court in this, and perhaps other matters involved, concluded the appeal from the judgment. But as there was no appearance by the defendant, either in person or by an attorney, the plaintiff desired the court to order a method of service of the notice of appeal and undertaking and that it permit the service on the clerk of court, under the provisions of § 7957, Comp. Laws, 1915; this the court declined to do, but did make the following order: "In that defendant is not a resident of this state, service of the notice of appeal and undertaking on appeal to supreme court may be made upon A. A. Eberhart, Minneapolis, Minnesota, and it is so ordered."

So far as this record is concerned, Eberhart is a total stranger to it. He does not appear in the case as an interested party, as an attorney, or in any other way. In these circumstances, service of the notice of appeal and undertaking upon him was a mere nullity and did not operate to effect an appeal, hence, there is nothing before this court. There is no useful purpose served in discussing any issues in this case

other than such as are sufficient to dispose of the appeal. The only thing that really can be properly done is to dismiss the appeal. The appeal is dismissed.

BIRDZELL, Ch. J., and ROBINSON, J., concur.

BRONSON, J. (specially concurring). I concur in a dismissal. It was proper for the trial court to specify a time within which the defendant might redeem. Ryan v. Bremseth, 48 N. D. 710, 186 N. W. 818.

CHRISTIANSON, J. (concurring specially). The notice of appeal states that the plaintiff "appeals from part of that certain *order for judgment* of the said district court, granted on the 28th day of August, A. D. 1922, and thereafter entered herein," etc. It is established by a long line of decisions in this state, that an appeal does not lie from an order for judgment. See, Malherek v. Fargo, ante, 123, 190 N. W. 176, and authorities cited therein. Hence the appeal must be dismissed. I deem it proper to say, however, that a careful examination of the judgment roll discloses no error.