Over twenty-two years ago the plaintiffs sold to the appellant a well improved farm of 160 acres adjacent to the town of Surrey for the sum of $8000.00, of which $2000.00 was payable in cash and the balance at the rate of $500.00 per annum with interest on deferred payments at 6 per cent per annum. In June 1937, the plaintiffs instituted this action for the cancellation of the contract of sale, which was in writing. Before commencing the action application was made to the district court for permission to cancel the contract pursuant to the provisions of chapter 161, N.D. Session Laws 1937, providing for a moratorium from foreclosures and evictions in certain cases. A hearing was had at which the appellant personally appeared after which permission to foreclose was granted by the court. The appellant interposed an answer to the complaint setting up crop failures and other misfortunes tending to excuse his default and prayed the court that the "judgment provide that this Defendant be given a *Page 484 
reasonable time in which to refinance said land under the present adverse loan conditions, either through mortgage loan or through payment of the balance due through crop shares or otherwise as the Court may deem just and equitable to protect the interest of all the parties to this action, . . ."
It appears from the evidence that the appellant has never farmed the land himself, but has operated it through tenants. He has been in default continuously since 1925. When the case was tried in October 1937, the default amounted to $5012.00 principal and interest. He had also failed to pay taxes for the years 1932, 1934, 1935, and 1936, amounting to $241.88. The trial court found that the appellant is unable to make any payments except such sums as he might receive from his tenants or from allotments, that he has no separate funds from which he can make good his default, that he has made and is making no definite effort toward refinancing the contract, and that the value of the property is less than the amount due the plaintiffs. The appellant demands a trial de novo in this court.
The plaintiffs made a motion in the Supreme Court for the dismissal of this appeal, thus raising a question of practice which we will consider before passing upon the merits. The record on appeal in this case contains a statement of the case certified to by the trial court and which has become a part of the judgment roll. The judgment roll also contains the papers specified by § 7688, N.D. Comp. Laws 1913, and has been certified to this court by the clerk of the district court who has also transmitted the notice of appeal and undertaking as required by § 7822, Comp. Laws. The statement of the case was not settled within thirty days after the notice of entry of judgment as provided by § 7655, Comp. Laws. After the thirty-day period had expired the trial court extended the time for settlement of the statement. The plaintiffs contend that this extension of time was not made "upon good cause shown," and that the trial court, therefore, had no authority to make such extension under the provisions of § 7666, Comp. Laws. The grounds urged by the respondent even if correct as to both law and fact, are not sufficient to justify the granting of a motion to dismiss the appeal. The plaintiffs' contentions affect only that part of the judgment roll which is embraced within the statement of the case. The remainder of the judgment roll including the pleadings, *Page 485 
findings, judgment, notice of appeal, and undertaking, have not been attacked and are properly before this court on appeal. Ryan v. Bremseth, 48 N.D. 710, 186 N.W. 818. The motion to dismiss the appeal is denied.
We now proceed to the consideration of the merits of the case upon the whole record as certified to us from the district court. The appellant admits that he has defaulted under the contract but he insists that the defaults have not been the result of bad faith on his part, but are the result of actual inability to comply with the contract due to successive crop failures and conditions resulting from the depression. He asserts that the plaintiffs have waived the various and successive defaults by permitting the contract to continue in force after the defaults have become due and that the vendors are not entitled to insist upon a strict foreclosure of the contract at this time. He further urges that under chapter 161, N.D. Session Laws 1937, he should be given until July 1, 1939 in which to redeem.
This court has enunciated a general principle applicable to the various remedies for the cancellation of land contracts in Vail v. Evesmith, 62 N.D. 99, 241 N.W. 719, wherein it was said, "But whatever remedy the vendor invokes, the rights as well as the obligations of the vendee must be recognized, and, the vendee will be afforded a reasonable opportunity to preserve his interest in the property by payment of the sum due, or by redemption from the sale, as the case may be." The problem now confronting us is whether the application of the principles of equity requires a modification of the judgment of the trial court. This is not a case wherein the vendors have attempted to accelerate the due dates of any payments because of a default. All of the payments claimed to be in default are long past due under the original terms. Payments for the past several years have been negligible. Taxes have been and are now accruing against the land. No offer is made to pay any definite sum either upon the debt or upon the taxes.
The appellant quotes in his brief from Ryan v. Bremseth,48 N.D. 710, 186 N.W. 818, supra, as follows:
"In a judgment providing for strict foreclosure of a land contract, although the trial court did not err in not granting the statutory period of redemption, nevertheless, upon equitable principles it is held, that *Page 486 
the vendee was entitled upon the facts as found, to a further extension of time within which to meet the defaults found, consistent with plaintiff's rights and crop production."
That case differs materially from the one which we are here considering. The contract for deed was made in July 1918. Substantial sums amounting to approximately one-half of the purchase price were paid in cash and property turned over to the vendor. The action to cancel the contract was instituted December 10, 1920. It was held that the judgment of the trial court should be modified by providing for making certain specified payments in order to give the vendee an opportunity to cure existing defaults. In arriving at this equitable determination the court said: "Pursuant to the findings, the defendant has paid the interest accruing on his indebtedness for two years and two months, up to December 1, 1920, lacking the sum of $244.65. His farming methods have not injured plaintiff's interests or the land. His defaults consist in the failure to pay his 1919 and 1920 taxes and interest on the Prosser mortgage. He has an apparent investment in this land, figured at the date of the purchase, of $9,035. Under the circumstances it is our opinion that plaintiff, seeking to avail of the harsh remedy of a strict foreclosure, must accord to the defendant an opportunity to meet the defaults mentioned if thereby his interests are not jeopardized and damaged."
In the case before us the facts do not make the emphatic appeal to equity that the facts made in the case above cited. In his memorandum opinion in this case the trial court says:
"The defendant's testimony shows that he is unable to make any payments now other than something over $100.00 out of the 1937 crops; that he has no separate funds with which to finance this farm; that taxes have not been paid since 1931. The testimony further shows that there is due on the contract, and for taxes about $5200.00; that the present value of the land is less than the amount due on it.
"Inasmuch as the contract has been running for twenty-two years, and there is no method of the defendant making the payments on the contract, except out of possible crops, and the value is less than the amount due, the contract should be cancelled."
The court thereupon decreed that the contract be cancelled and gave the appellant thirty days to cure the default by paying the amount *Page 487 
found to be due. While the decree may be termed one of strict foreclosure, it did not provide for strict forfeiture. Carns v. Sexsmith, 193 Iowa, 1080, 188 N.W. 657. This being an equitable action the court is required to render such judgment as the equities of the case require. Raad v. Grant, 43 N.D. 546, 169 N.W. 588. This the trial court did. We are unimpressed by the argument that equity requires that the appellant should be given further time than that allowed by the trial court. The fact that the plaintiffs were indulgent and permitted the contract to remain in force long after the appellant defaulted, does not preclude the court from terminating the contract, nor present an equitable reason for extending the time during which the contract would be permitted to continue in default and the amount of the default increase.
The appellant also contends that under the provisions of chapter 161, N.D. Session Laws 1937, he is entitled to a period of redemption extending up to July 1, 1939. We find nothing in this act which supports that contention. Chapter 161 was invoked at the outset of this proceeding. An application was made to the district court for permission to proceed with the action to cancel the contract under the provisions of § 2. A hearing was had after which the court determined that the plaintiffs were entitled to proceed and issued an order accordingly. The action was then commenced. Trial was had and judgment entered allowing the appellant thirty days to cure the default. No further relief was sought in the district court under the provisions of chapter 161, N.D. Session Laws 1937. See Lillegard v. Hutchinson, 67 N.D. 44, 269 N.W. 43; Peterson v. Points, 67 N.D. 631, 275 N.W. 867; First Nat. Bank v. Knauss, ante, 227, 277 N.W. 516. Chapter 161 does not entitle the appellant to relief in the Supreme Court which has not been sought in the court below. The record presents no error on the part of the trial court and no equities in favor of the appellant which require a reversal of the judgment. However, in the interest of justice, the appellant should still be permitted to make good the default. The judgment is, therefore, modified to permit the appellant to cure the default by paying the amount provided in the judgment with interest and costs on or before September 1, 1938 in which event he will not be required to account for the value of the use and occupation of the premises. Should he fail to so cure *Page 488 
the default, the judgment will stand fully affirmed including the right of the plaintiffs to the value of such use and occupation.
Modified and affirmed.
CHRISTIANSON, Ch. J., and SATHRE, NUESSLE and BURR, JJ., concur.