William BENDER and Elsie Bender,
Plaintiffs and Appellees,

v.

Albert C. LIEBELT and Vernon D. Liebelt, Defendants and Appellants.

Civ. No. 9876.

Supreme Court of North Dakota.

March 12, 1981.

Richard P. Rausch, Bismarck, for plaintiffs and appellees.

Pearce, Anderson & Durick, Bismarck, for defendants and appellants; argued by B. Timothy Durick, Bismarck.

PEDERSON, Justice.

This is an appeal from a denial of a motion to vacate a default judgment. We affirm.

On November 20, 1978, the Liebelts, as vendees, entered into a land sale contract, in the form of a contract for deed, with the Benders. According to the contract, the Benders agreed to convey a tract of about 39 acres for a price of $39,000. The agreement provided for a $4,000 down payment and annual installments of $4,000, plus interest, to commence November 1, 1979.

The Liebelts failed to make the payment on the first installment, and failed further to pay taxes on the property to which they were committed by the contract. The Liebelts claim to have paid $1,000 on the contract in February 1980, but in April the Benders commenced an action to cancel the contract. Vernon Liebelt was served on April 7 and Albert Liebelt was served on April 18. On April 14, the Benders received a check for $3,200 which they credited against the amount owed by the Liebelts. This money was received when a small part of the original 39 acres was sold to a third party. The Liebelts did not answer the complaint and made no formal appearance. On May 19, 1980, the district court entered a default judgment cancelling the contract and returning possession of the property to the Benders. The court found that despite the credit given for the $3,200 payment by a third party, the Liebelts remained in default, and had abandoned the premises. Just over a month later, the Benders contracted with third parties for the sale of the `property.

On July 15, 1980, the Liebelts filed a motion to vacate the judgment, together with a proposed answer. No affidavit of merits was filed then or at any time subsequent. The court denied the motion and the Liebelts have appealed.

On appeal the Liebelts concede that they received and failed to answer the complaint, and that at the time of judgment they were in default on the contract. However, they assert (1) "that the district court abused its discretion in refusing to vacate the default judgment and grant leave ... to file an answer," and (2) that "the district court erred in refusing to vacate the default judgment and [to allow] ... a reasonable period of redemption." Correspondingly, they ask that the judgment either be vacated with leave to file an answer to the complaint, or be amended to allow for a period of redemption. The Liebelts base their prayer for relief from judgment on subsections (1) and (6) of Rule 60(b), NDRCivP, which read:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order in any action or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time ...."

■ Decisions on the merits are of course preferable to those by default. *City of Wahpeton v. Drake-Henne, Inc.*, 228 N.W.2d 324, 330 (N.D.1975). In keeping with the general policy of construing Rule 60(b) liberally with regard to default judgments, see *Suburban Sales v. District Court of Ramsey*, 290 N.W.2d 247, 252 (N.D.1980), this court will "grant motions to reopen judgments, when promptly made, when the grounds stated satisfy the requirements of Rule 60 for reopening, and when an answer appearing to state a meritorious defense is presented." *Perdue v. Sherman*, 246 N.W.2d 491, 496 (N.D.1976). However, the Liebelts must show not simply that the lower court made a "poor" decision but that it positively abused the discretion it has in administering the rule. *State v. Red Arrow Towbar Sales Co.*, 298 N.W.2d 514, 515–16 (N.D.1980).

■ We can assume without deciding that the motion to vacate was brought within a reasonable time and proceed directly to the substance of the motion. The Liebelts claim excusable neglect in not answering the summons and complaint. A simple disregard of legal process is, of course, not excusable neglect under the rule. However, according to the Liebelts, the Benders had agreed to extend the time for payment. They argue that the $3,200 payment, which was received *after* service on Vernon Liebelt and which was deducted from the amount owing on the contract, is evidence of an extension agreement.

■ The contract itself contains the following clause:

"[N]o extension of time shall be valid unless evidenced by a duly signed instrument."

The Liebelts have shown this court no writing which indicates the Benders' approval of a modification of the schedule for payment. An oral agreement would conflict with the express wording of the contract and could receive no consideration by a court unless the oral agreement comes within recognized exceptions to the parol evidence rule. Sections 9–07–02 and 9–07–04, NDCC. We conclude, therefore, that this defense is without merit and that the neglect in answering the complaint is not excusable.

■ The Liebelts offer as an alternative defense to the judgment the lack of any provision for redemption. They claim they ought to have been allowed a reasonable time in which to cure their default. The alleged failure of the court to provide a reasonable redemption period is not an issue of excusable neglect, and we presume, therefore, this argument is made pursuant to subsection (6) of Rule 60(b). A subsection (6) claim must be based on a showing of "exceptional circumstances," usually involving improper conduct by the adverse party. *Red Arrow, supra*, 298 N.W.2d at 517.

■ Unlike cancellation by notice, Chapter 32–18, NDCC, cancellation by action is not subject to a statutorily prescribed period for redemption. Rather, the

trial court is left to its discretion in the matter. *Soderstrom v. White*, 68 N.D. 293, 279 N.W. 306, 307 (1938). "*[I]n the absence of particular circumstances affecting the situation, a vendee defaulting under an executory land sale contract is entitled to a period within which to redeem after entry of the decree of foreclosure . . .*" [Emphasis supplied.] 51 A.L.R.2d 672, 675–76. The facts of each case must be examined in order to determine the propriety of a redemption provision.

■■■ The Liebelts have cited several contract cancellation cases in which some period of redemption was afforded. *Ryan v. Bremseth*, 48 N.D. 710, 186 N.W. 818 (1922); *People's State Bank of Hillsboro v. Steenson*, 49 N.D. 100, 190 N.W. 74 (1922); *Funderburg v. Young*, 68 N.D. 481, 281 N.W. 87 (1938). In each of these cases the vendees were in physical possession,[1] had tilled or improved the land, and appeared to defend in the cancellation action brought by the vendor. In the instant case, the court found specifically that the Liebelts had abandoned the premises. Moreover, the Liebelts' failure to appear or even to answer the complaint certainly reinforced and made reasonable the impression that they had lost interest in the transaction. Thus the cancellation action was attended by a rather unusual situation, and the Liebelts have not shown any compelling reason why they should be spared the effect of judgment. While courts should ordinarily attempt to avoid forfeiture, we do not believe the court, in this context, abused its discretion.

■■■ Finally, an issue was raised for the first time in oral argument to this court as to whether or not notice to the Liebelts was necessary before entry of the default judgment.[2] Rule 55(a)(3), NDRCivP, states that the party against whom a default judgment is sought must be notified at least eight days prior to a default hearing, if that party "has appeared in the action." We construe the word "appearance" broadly to assist in fulfilling the policy of avoiding adjudications not on the merits. A judgment not in compliance with the notice provision of Rule 55(a)(3) is voidable by the "defaulting" party. *Svard v. Barfield*, 291 N.W.2d 434, 436–37 (N.D.1980).

■■■ The precise issue is whether or not the $3,200 payment received by the Benders on April 14 constitutes an "appearance." We do not believe that this money, received from a third-party purchaser of a tract within the original premises, can reasonably be viewed as an "appearance." The record is bare of any information regarding the transaction, yet its character and effect would seem wholly neutral so far as the Liebelts are concerned. Their default was already threatening their holding, so the sale of a part of the land and the subsequent crediting of the proceeds represents to them no real loss. Moreover, the Benders received the payment before service of process on the Liebelts was even completed. Thus we conclude that the situation here differs materially from the one presented in *Svard*, where a meeting between the parties, after commencement of the action, appeared to deceive the defendant into believing that the dispute was settled.

The district court's decision denying the motion to vacate the default judgment is affirmed.

ERICKSTAD, C. J., and PAULSON, SAND and VANDE WALLE, JJ., concur.

---

1. The vendee in *Funderburg* leased the land to third parties.

2. Generally, one cannot raise objections for the first time on appeal. *Dobervich v. Cent. Cass Pub. Sch. Dist. No. 17*, 283 N.W.2d 187, 191 (N.D.1979).