The UNITED HOSPITAL (formerly Deaconess Hospital), Plaintiff/Appellee,

v.

Alfred Marshall HAGEN, Defendant/Appellant,

Anna D. Anderson, Deceased; Adolph N. Anderson, Deceased; Public Welfare Board of North Dakota; Mae Pladson; Doris Baines; Viola Johnson; Oscar D. Anderson; Rodger Anderson; Keith Anderson; Bradly Anderson; Mary Nelson; Unknown Heirs, Devisees, Legatees or Personal Representatives of Anna D. Anderson, Deceased; Unknown Heirs, Devisees, Legatees or Personal Representatives of Adolph N. Anderson, Deceased; and all other persons unknown claiming any Estate or interest in or lien or encumbrance upon the property described in the complaint, Defendants.

Civ. No. 9683.

Supreme Court of North Dakota.

Oct. 25, 1979.

Rehearing Denied Nov. 29, 1979.

Alfred Marshall Hagen, pro se.

Robert A. Alphson, Grand Forks, for plaintiff and appellee The United Hospital.

PAULSON, Justice.

The United Hospital (formerly Deaconess Hospital) ["the Hospital"] commenced an action for the foreclosure of a mortgage on certain real estate against Anna D. Anderson, deceased, her heirs and devisees.

The appellant, Alfred Marshall Hagen ["Mr. Hagen"] is one of the heirs and devisees. Mr. Hagen interposed an Answer on March 15, 1979, and an Amended Answer and Counterclaim on April 5, 1979. Doris Baines, Viola Johnson, and Oscar D. Anderson interposed their Answer on May 3, 1979.

Mr. Hagen made a demand for a jury trial on May 16, 1979, which was served on the attorney for the Hospital on May 17, 1979. The Hospital, thereafter, served and filed a motion to strike Mr. Hagen's demand for a jury trial. A hearing was held before the Honorable A. C. Bakken, District Judge, on August 20, 1979. On August 24, 1979, Judge Bakken issued his order denying Mr. Hagen's demand for a jury trial. Mr. Hagen filed a timely appeal. We affirm.

Mr. Hagen, on August 23, 1979, filed a request for change of judge. Judge Bakken denied the request and in support of his denial cited § 29-15-21(2) of the North Dakota Century Code. The Supreme Court received the request for change of judge, together with Judge Bakken's letter dated August 24, 1979, denying the jury trial and quoting from § 29-15-21(2), N.D.C.C. The Acting Chief Justice, serving as Administrative Justice, issued this Court's minute order on August 28, 1979, designating the Honorable Kirk Smith, District Judge, to preside at the trial. Judge Smith disqualified himself and the Chief Justice, acting as Administrative Justice, issued this Court's minute order on September 14, 1979, designating the Honorable Hamilton E. Englert, District Judge, to preside at the trial on the merits.

The Hospital prepared, served, and filed a Motion to Dismiss Appeal and Request for Review of Supreme Court Order Granting Appellants' Demand for Change of Judge. This Court's minute order dated August 28, 1979, removed Judge Bakken as the trial judge.

There are two issues to be resolved. The first issue is whether or not an appeal from an interlocutory order denying a jury trial is an appealable order.

Mr. Hagen, acting as his own attorney, urges that his appeal should not be dismissed because the denial of a jury trial is forbidden by the Constitution of the United States and by § 7 of the North Dakota State Constitution; that nonappealable orders can be reviewed by this Court pursuant

to § 28–27–02, N.D.C.C.; that the right of trial by jury includes actions to determine the title and right of possession to personal property and that the Hospital's action to foreclose does not deprive a third party, brought in as a defendant, of the right to a jury trial.

Section 28–27–02, N.D.C.C., and the decisions of this Court interpreting this section are dispositive of this issue. Section 28–27–02, N.D.C.C., sets forth the orders which are appealable. The Supreme Court of this State in *Schutt v. Federal Land Bank of Saint Paul*, 71 N.D. 640, 3 N.W.2d 417 (1942), held:

"An order denying the trial of a case by a jury, and holding that the case is properly triable by the court without a jury is not appealable under Section 7841, C.L.1913 [§ 28–27–02, N.D.C.C.]."

Likewise, the Supreme Court in *Stimson v. Stimson*, 30 N.D. 78, 152 N.W. 132, 133 (1915), held that:

"Appeals from interlocutory orders are entirely the creation of statute and will only lie in the cases authorized by the statute."

We adhere to the rationale of *Schutt v. Federal Land Bank, supra*, and *Stimson v. Stimson, supra*, and hold that the order denying the jury trial is an interlocutory nonappealable order. However, such an order is reviewable when there is an appeal from a final judgment. In the instant case, the trial on the merits has not been heard; therefore, the other issues raised by Mr. Hagen are not before us.

The second issue which confronts us is whether or not the Supreme Court erred in granting Mr. Hagen's demand for a change of judge.

The Hospital urges, because Judge Bakken has ruled on a matter in the instant case, that is, the denial of a jury trial for Mr.

Hagen and cites § 29–15–21(2), N.D.C.C.,[1] in support of its contention, that it was improper for the Supreme Court to remove Judge Bakken as trial judge.

A review of the procedure of the Supreme Court will clarify and determine this issue. The first minute order issued on August 28, 1979, designated the Honorable Kirk Smith to preside at the trial of this action. Judge Smith disqualified himself pursuant to his letter of September 11, 1979, which he forwarded to the Supreme Court. The second minute order issued on September 14, 1979, by this Court designated Honorable Hamilton E. Englert to preside at the trial. The two minute orders were issued because the request for change of judge was filed against the Honorable A. C. Bakken, presiding judge.

Administrative Rule 2–1978 issued by this Court pertains to the appointment of a presiding judge in each of the judicial districts and the delegation of certain administrative duties to each judge. Administrative Order 2–1979 designated Judge A. C. Bakken as the presiding judge and he now is and during all the times herein mentioned has been the presiding judge in the district in which this case is pending. Section 27–02–05.1, N.D.C.C., definitizes the supervisory power of the Supreme Court with reference to all other courts.

Administrative Rule 2–1978, paragraph 9, subdivision 2, states:

"If the presiding judge is the judge against whom the demand for change of judge is filed, the demand shall be forwarded to the Clerk of the Supreme Court directly for assignment by the Chief Justice." [AR 2–1978, par. 9, subd. 2.]

Because the Hospital objected to the designation of another judge, the Chief Justice of this Court, pursuant to Administrative

---

1. Section 29–15–21(2), N.D.C.C., provides:

"2. The demand is not operative unless it is filed with the clerk of the court at least three days before the matter is to be heard if upon a motion or upon arraignment, or ten days before the date the action or proceeding is scheduled for trial. In any event, no demand for a change of judge may be made after the judge sought to be disqualified has ruled upon any matter pertaining to the action or proceeding in which the demanding party was heard or had an opportunity to be heard."

Rule 2–1978, paragraph 9, subdivision 4, set the matter for hearing before this Court as provided by Rule 27(b) of the North Dakota Rules of Appellate Procedure.

The crucial issue is not that we believe Judge Bakken is prejudiced but when there is an allegation of prejudice presented to this Court we favor granting the change of judge when the judge has denied the demand for a jury trial and would then be presiding at the trial on the merits. Therefore, by virtue of § 87 of the North Dakota Constitution, §§ 27–02–05.1 and 29–15–21, N.D.C.C., and Administrative Rule 2–1978, we affirm the minute orders designating the appointment of another district judge to preside at the trial.

For reasons stated in the opinion we dismiss the appeal and affirm the minute orders designating another judge to preside at the trial.

ERICKSTAD, C. J., and PEDERSON, VANDE WALLE and SAND, JJ., concur.