**SCHUMACHER HOMES, INC., a corporation, Plaintiff and Appellee,**

v.

**J & W ENTERPRISES, a partnership, Michael G. Johnson and David L. Wisdom, partners, Defendants and Appellants.**

**Civ. No. 10121.**

Supreme Court of North Dakota.

April 29, 1982.

James D. Schlosser, Bismarck, for plaintiff and appellee.

Baer & Asbridge, Bismarck, for defendants and appellants; argued by Richard B. Baer, Bismarck.

PAULSON, Justice.

J & W Enterprises appeals from the judgment entered by the District Court of Burleigh County on September 4, 1981, and from the district court's order denying J & W Enterprises' motion to amend the judgment. We affirm.

In May, 1980, J & W Enterprises purchased certain real estate located in Hazen, North Dakota, from Schumacher Homes on a contract for deed. J & W Enterprises paid $59,000 down and made monthly payments of $2,894.78 through January of 1981. When J & W Enterprises failed to make its monthly payments for February, March, April, and May of 1981, and also failed to make a $5,000 interest payment which was due on May 1, 1981, Schumacher Homes brought an action to cancel the contract for deed and declared the entire unpaid balance due.

J & W Enterprises submitted their answer to Schumacher Homes' complaint on May 27, 1981. Their answer admitted that the four monthly payments had not been made. The only defense raised in their answer was that cancellation of a land contract would have to be made pursuant to Chapter 32–18 of the North Dakota Century Code. Schumacher Homes made a motion for judgment on the pleadings, pursuant to Rule 12(c), North Dakota Rules of Civil Procedure. The district court entered judgment on the pleadings in favor of Schumacher Homes on September 4, 1981. The judgment cancelled the contract for deed and provided a 90-day redemption period within which J & W Enterprises could pay the entire balance due ($412,198.86) and retain the property in question.

On September 10, 1981, J & W Enterprises filed a motion to amend the judgment, contending that it had tendered a check in the amount of $6,835.60 to Schumacher Homes prior to the date when judgment was entered. Schumacher Homes returned the check to J & W Enterprises after judgment was entered. On September 22, 1981, the Internal Revenue Service levied against J & W Enterprises for $2,702.91 in back taxes owed by Schumacher Homes to the United States Government. J & W Enterprises issued a check in that amount to the Internal Revenue Service, and counsel for J & W Enterprises submitted a supplemental affidavit to the district court apprising the court of this transaction.

J & W Enterprises argued that the tendering of the check to Schumacher Homes and the payment to the Internal Revenue Service reinstated the contract, and it requested the court to reinstate the contract and grant it 90 days to bring the arrearages current. On October 19, 1981, the district court issued its order denying the motion to amend the judgment. J & W Enterprises appeals from the judgment and from the order denying the motion to amend the judgment.

The following issues are raised on appeal:
1) Did the trial court err in entering judgment on the pleadings without allowing J & W Enterprises to take the deposition of the president of Schumacher Homes?
2) Is cancellation of a contract for deed by notice pursuant to Chapter 32–18, N.D.C.C., an exclusive remedy?
3) Did the tendering of checks by J & W Enterprises to Schumacher Homes and the Internal Revenue Service constitute retention of benefits under the contract by Schumacher Homes, and thereby reinstate the contract?

I.

J & W Enterprises first argues that it should have been allowed to take the deposition of James Schumacher, president of Schumacher Homes, prior to any ruling by the court on Schumacher Homes' motion for judgment on the pleadings. In ruling on a motion for judgment on the pleadings, however, the court looks only to the pleadings. Rule 12(c), N.D.R.Civ.P., provides:

"(c) *Motion for Judgment on the Pleadings.* After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the

pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

J & W Enterprises argues in its brief that a motion for judgment on the pleadings is "in effect" a motion for summary judgment. However, Rule 12(c) clearly states that a motion for judgment on the pleadings will be treated as a motion for summary judgment only when matters outside the pleadings are presented to the court.

In the instant case, it appears from the record that no matters outside the pleadings were presented in support of the motion, and J & W Enterprises has made no showing that other matters were considered by the court. Therefore, the district court properly treated the motion as one for judgment on the pleadings. *Gowin v. Hazen Memorial Hospital Association*, 311 N.W.2d 554, 556 n.4 (N.D.1981). It was therefore not error for the court to make its ruling on the motion before J & W Enterprises had an opportunity to depose the president of Schumacher Homes. The only defense raised by J & W Enterprises in its answer was its contention that cancellation of the contract for deed could only be accomplished by notice, pursuant to Chapter 32–18, N.D.C.C. This defense raised a question of law, and there were no disputed factual questions raised in the pleadings. It was therefore proper for the district court to rule on the motion for judgment on the pleadings without granting leave for J & W Enterprises to first take the deposition of the president of Schumacher Homes.

## II.

The next issue raised is whether or not Schumacher Homes was required to invoke the provisions of Chapter 32–18, N.D.C.C., in order to cancel the contract for deed. J & W Enterprises contends that a party seeking cancellation of a contract for deed must proceed by notice pursuant to the statutes.

■ It is well settled in this state that cancellation of a contract for deed by notice pursuant to Chapter 32–18, N.D.C.C., is not an exclusive remedy. *Johnson v. Gray*, 251 N.W.2d 923, 926 (N.D.1977). *See also* Leahy, *Cancellation of Land Contracts*, 32 N.D.L.Rev. 5 (1956). This Court has previously recognized that courts of equity have the power to cancel land contracts through cancellation by action. *Bender v. Liebelt*, 303 N.W.2d 316, 318–319 (N.D.1981); *Funderburg v. Young*, 68 N.D. 481, 485–487, 281 N.W. 87, 88–89 (1938); *Ryan v. Bremseth*, 48 N.D. 710, 717, 186 N.W. 818, 821 (1922).

■ When the vendor elects to cancel the contract by action, no statutory written notice of intention to cancel the contract is required. *Ryan v. Bremseth, supra*, 48 N.D. at 717, 186 N.W. at 821. In addition, cancellation by action is not subject to a statutorily prescribed period of redemption. The trial court is left to its discretion in setting a period of redemption. *Bender v. Liebelt, supra*, 303 N.W.2d at 318–319. In the instant case, the district court considered the competing equities and granted a 90-day redemption period. This was not an abuse of the court's discretion and will not be disturbed on appeal.[1]

## III.

■ Finally, J & W Enterprises contends that its tendering of checks to Schumacher Homes and the Internal Revenue Service reinstated the contract. The check mailed to Schumacher Homes, however, was never cashed, but was returned to J & W Enterprises. The mere tender of a check to a party and its retention of that check for a short period of time does not constitute acceptance of the money which the check represents. Schumacher Homes did not retain benefits under the contract for deed when it held the check for a short period of time and then returned it.

1. J & W Enterprises does not argue that the district court abused its discretion in granting a 90-day redemption period.

Similarly, J & W Enterprises' payment to the Internal Revenue Service did not amount to a retention of benefits under the contract by Schumacher Homes. Unless expressly agreed to by the parties, payment of a corporate debt which is totally unrelated to the contract for deed will not reinstate the contract and does not constitute acceptance of a benefit under the contract by the vendor. Were we to hold otherwise, it would be possible for a vendee to pay the vendor's debts, without his consent, and thereafter claim a reinstatement of the contract.

The judgment and the order denying the motion to amend the judgment are affirmed. Costs on appeal are assessed against the appellant.

ERICKSTAD, C. J., and PEDERSON, SAND and VANDE WALLE, JJ.