**Lucille B. STRAUB, Plaintiff and Appellee,**

v.

**Patrick H. LESSMAN and Wendy Lessman, Defendants and Appellants.**

**Civ. No. 11297.**

Supreme Court of North Dakota.

March 26, 1987.

Baer & Asbridge, Bismarck, for plaintiff and appellee; argued by Richard B. Baer.

Thomas M. Disselhorst, Bismarck, for defendants and appellants.

LEVINE, Justice.

Patrick and Wendy Lessman appeal from a district court summary judgment cancelling a contract for deed. We affirm.

During March 1981 Lucille Straub and her husband, Walter, who is now deceased and not a party to this action, sold approximately 1,128 acres of farmland to the Lessmans for a purchase price of $253,829.25 under a 20–year contract for deed at 8 percent interest. The Lessmans made a down payment of $73,610 and were to make annual installments of $18,358 until the balance of the purchase price was paid.

The 1983 and 1984 installments were not paid on time. When the Lessmans failed to make a timely 1985 installment, the Straubs agreed to accept a reduced payment of $14,000 for 1985, and the parties executed a renegotiated contract for deed on December 11, 1985. The new contract provided that the purchase price balance would be paid in 17 annual installments at 8 percent interest with the first installment due on March 15, 1986. The Lessmans did not make the 1986 payment by that date, and Straub then filed an action in district court seeking to cancel the contract for deed. Upon Straub's motion, the district court granted a summary judgment cancelling the contract for deed and setting a two-month redemption period for the Lessmans to redeem the property by paying the entire remaining balance with interest.

The Lessmans assert on appeal that the trial court erred in granting summary judgment because there are material issues of fact regarding their "confiscatory price" defenses under Chapter 28–29, N.D.C.C. In *Federal Land Bank v. Anderson*, 401 N.W.2d 709 (N.D.1987), we held that if a party fails to adequately raise a material factual issue concerning the confiscatory price defenses, summary judgment is appropriate. In this case the Lessmans did not raise these defenses below; nor have they provided an adequate explanation for their failure to do so. The Lessmans also assert that this court can provide relief under Chapter 28–29, N.D.C.C., even though the trial court has not been requested to provide such relief. Although this court has authority to provide relief under Chapter 28–29, N.D.C.C., we will not do so where the party seeking relief has failed, without justification, to raise the issue before the trial court. Consequently, we conclude that the Lessmans have not preserved the issue for review on appeal.

The Lessmans assert that the one-year redemption period under Chapter 32–18, N.D.C.C., should apply and that the trial court abused its discretion in providing only a two-month redemption period. It is well settled in this state that cancellation of a contract for deed by notice pursu-

ant to Chapter 32–18, N.D.C.C., is not an exclusive remedy, and the seller may elect to cancel the contract by action whereby written notice of intent to cancel the contract is not required. *Schumacher Homes, Inc. v. J. & W. Enterprises*, 318 N.W.2d 763 (N.D.1982). Unlike cancellation by notice, when a seller chooses to cancel by action, there is not a statutorily prescribed period for redemption and that matter is left within the sound discretion of the district court. *Bender v. Liebelt*, 303 N.W.2d 316 (N.D.1981).

Under the original contract for deed, the Lessmans on several occasions failed to make timely annual payments. Straub ultimately agreed to accept a reduced payment for 1985 and also agreed to execute a new contract. Under that renegotiated contract, the first payment was due in March 1986. The Lessmans failed to make that payment. In an affidavit, which was not disputed by responsive affidavits from the Lessmans, Straub demonstrated that the repeated failure of the Lessmans to make timely payments has caused her severe economic hardship. We conclude that under these undisputed factual circumstances, the trial court did not abuse its discretion in providing a two-month redemption period.

The Lessmans assert that there was an "unwritten understanding" that it would be "difficult" for the Lessmans to make a timely payment on March 15, 1986, as required by the renegotiated contract for deed and that, accordingly, Straub should be estopped from cancelling the contract for deed. With regard to this issue, counsel then representing the Lessmans stated in a letter brief to the trial court that, "we do not stand upon that contention." Nor did the Lessmans support this assertion with affidavits before the trial court. We conclude that the Lessmans have not preserved this issue for review on appeal.

The Lessmans assert that the notice of default served upon them by Straub did not declare the entire purchase price to be due and that the Lessmans therefore should have been allowed to redeem by simply tendering the late payment. When the seller elects to cancel a contract for deed by action, no statutory written notice of intent to cancel the contract is required, *Schumacher, supra*, and it is unnecessary for the seller to provide a written notice of intent to accelerate payment prior to commencing the action. *See Bishop v. Brown*, 118 Mich.App. 819, 325 N.W.2d 594 (1982). In this case, Straub provided notice in her affidavit in support of the motion for summary judgment that she intended to accelerate payment of the remaining balance due under the contract:

"... the current balance remaining on the contract, including the 1986 payment, is \$167,426.33.... I would ask this Court ... to allow a minimum period of redemption for the defendant and that said amount be required to be paid in full or title to the land should revert to me."

It would have been preferable for Straub to have declared in her complaint that the remaining balance was being accelerated. We conclude, however, that the Lessmans were neither misled nor prejudiced by her failure to do so in this case. The balance was declared accelerated in the subsequent affidavit, the Lessmans defended the action, and arguments regarding the requirements for redemption were made before the trial court. Thus, we conclude that the trial court did not abuse its discretion in requiring the Lessmans to pay the entire balance due under the contract to redeem the property.

Accordingly, the judgment of the district court is affirmed.

ERIKSTAD, C.J., VANDE WALLE, GIERKE and MESCHKE, JJ., concur.