ADOLPH RUB TRUST, First Trust Company of North Dakota, Plaintiff and Appellee,

v.

Duane E. RUB, Defendant and Appellant,

Marlys M. Rub, NoDak Ranch & Home Supply and United States of America, acting through Farmers Home Administration, United States Department of Agriculture, Defendants.

Civ. No. 910016.

Supreme Court of North Dakota.

July 31, 1991.

Duane E. Rub, pro se.

Lucas and Smith, Bismarck, for plaintiff and appellee; argued by A. William Lucas, Bismarck.

ERICKSTAD, Chief Justice.

Duane E. Rub (Rub) appealed from an order issued by the District Court for Grant County, South Central Judicial District, dated January 2, 1991, denying his demand for change of judge. We affirm.

This appeal arises from an action initiated by First Trust Company of North Dakota as Trustee for the Adolph Rub Trust (the Trust), to foreclose on a contract for deed in conjunction with Rub's failure to make the required payments, in district court case number 3662 for Grant County.

Rub filed three notices of appeal from district court case number 3662. The first notice of appeal was filed on December 31, 1990, and concerns an order dated December 20, 1990, by the district court striking jury trial. The first appeal was assigned civil number 910004 by this Court. The second notice of appeal was filed on January 14, 1991, and concerns an order dated January 2, 1991, denying Rub's demand for change of judge. The second appeal was assigned civil number 910016 by this Court and involves the instant case. The third notice of appeal was filed on February 20, 1991, and is an appeal from a judgment dated December 21, 1990, which cancelled the contract for deed and dismissed Rub's counterclaim. The third notice of appeal was assigned civil number 910051 by this Court. Cases 910004 and 910051 have been consolidated on appeal. Because the instant case involves only those issues relating to whether or not it was proper for District Judge William F. Hodny to preside over the district court proceedings, we will limit our recitation of facts to those facts which are relevant to the disposition of those issues.

Rub filed a demand for change of judge on December 6, 1990. On December 7, 1990, the Presiding District Judge, Benny A. Graff, of the South Central Judicial District denied the demand on the basis it was untimely. The presiding judge's handwritten denial and signature appear on the last page of Rub's demand for change of judge.

A trial was conducted on December 18, 1990, and the judgment was filed on December 21, 1990. On December 31, 1990, Rub filed a second demand for change of judge, a motion for new trial, and a number of other documents not relevant to this appeal. The second demand for change of judge was denied by an order of the Presiding District Judge, Benny A. Graff, dated January 2, 1991. This appeal stems from the January 2, 1991, order denying the demand for change of judge, a copy of which was attached to the notice of appeal in this case.

■ Normally, an order denying a demand for change of judge by itself is a nonappealable order. See section 28–27–02, N.D.C.C., for orders that are appealable.[1] However, as Rub currently has an appeal pending before this Court from the district court's judgment [civil number 910051] and as a party is entitled to have an interlocutory order considered on an appeal from a final judgment, we will address his appeal from the order denying the change of judge in this opinion.

■ As previously stated, Rub filed his first demand for change of judge on December 6, 1990, and his second demand for change of judge on December 31, 1990. Both were denied on the basis that they were untimely. Section 29–15–21(2) of the North Dakota Century Code reads:

"2. The demand is invalid unless it is filed with the clerk of the court not later than ten days after the occur-

---

1. Section 28–27–02, N.D.C.C., reads:

"28–27–02. *What orders reviewable.*—The following orders when made by the court may be carried to the supreme court:

1. An order affecting a substantial right made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken;

2. A final order affecting a substantial right made in special proceedings or upon a summary application in an action after judgment;

3. An order which grants, refuses, continues, or modifies a provisional remedy, or grants, refuses, modifies, or dissolves an injunction or refuses to modify or dissolve an injunction, whether such injunction was issued in an action or special proceeding or pursuant to the provisions of section 35–22–

04, or which sets aside or dismisses a writ of attachment for irregularity;

4. An order which grants or refuses a new trial or which sustains a demurrer;

5. An order which involves the merits of an action or some part thereof;

6. An order for judgment on application therefor on account of the frivolousness of a demurrer, answer, or reply; or

7. An order made by the district court or judge thereof without notice of is not appealable, but an order made by the district court after a hearing is had upon notice which vacates or refuses to set aside an order previously made without notice may be appealed to the supreme court when by the provisions of this chapter an appeal might have been taken from such order so made without notice, had the same been made upon notice."

rence of the earliest of any one of the following events:

a. The date of the notice of assignment or reassignment of a judge for trial of the case;

b. The date of notice that a trial has been scheduled; or

c. The date of service of any exparte order in the case signed by the judge against whom the demand is filed."

The notice that trial had been scheduled for December 18, 1990, before Judge Hodny, is dated September 25, 1990. Both demands were made in excess of ten days after the date of the notice. Therefore, both demands were untimely pursuant to § 29–15–21(2)(b), N.D.C.C.

■ Although Rub's demands for change of judge were untimely, we believe it is appropriate to review his assertions on appeal in light of the fact that the second demand for change of judge was filed in conjunction with a motion for new trial and his assertions are directed at the behavior of the judge during the proceedings. We will consider Rub's assertions to be in the nature of a request for a new trial pursuant to Rule 59(b)(1), N.D.R.Civ.P., which reads:

"(b) *Causes for New Trial.* The former verdict or other decision may be vacated and a new trial granted on the application of a party aggrieved for any of the following causes materially affecting the substantial rights of the party:

1. Irregularity in the proceedings of the court, jury, or adverse party, or any order of the court or abuse of discretion by which either party was prevented from having a fair trial."

Rub asserts the following issues on appeal:

"*FIRST ISSUE:*

THAT JUDGE WILLIAM HODNY DID MAKE A STATEMENT OF INTEREST, DECLARING PUBLIC OFFICE TO BE A PUBLIC TRUST.

"*SECOND ISSUE:*

JUDGE WILLIAM HODNY, DID TAKE A OATH OF OFFICE.

"*THIRD ISSUE:*

JUDGE WILLIAM HODNY, HAS NOT DISPLAYED PROFESSIONAL AND JUDICIAL CONDUCT.

"*FOURTH ISSUE:*

JUDGE WILLIAM HODNY, TRIED TO HOLD TRIAL IN WRONG VENUE.

"*FIFTH ISSUE:*

JUDGE WILLIAM HODGY [SIC], DID SHOW BIAS AND PREJUDICE IN ALL CASES."

■ A trial court's decision to deny a new trial will not be disturbed on appeal unless there has been a manifest abuse of discretion by the trial court. *E.g., Napoleon Livestock Auction, Inc. v. Rohrich*, 406 N.W.2d 346, 355 (N.D.1987). The trial court has abused its discretion when it acts in an unreasonable, arbitrary, or unconscionable manner. *E.g., Lange v. Cusey*, 379 N.W.2d 775, 777 (N.D.1985).

■ Rub apparently seeks a new trial on the basis of irregularity in the proceedings of the court pursuant to Rule 59(b)(1), N.D.R.Civ.P. A new trial pursuant to Rule 59(b)(1) is justified if the irregularity of the court is patent, obvious, or evident from the record. *See Lange*, 379 N.W.2d at 777.

Rub's first issue seems to assert that Judge Hodny violated public confidence and trust. Rub has not provided any citation of authority or referred to any particular part of the record to illustrate and support his assertion.[2] Our review of the record does not reveal any patent, obvious,

---

**2.** Rule 28(a)(5), N.D.R.App.P. reads:

"RULE 28. BRIEFS

"(a) *Brief of the Appellant.* The brief of the appellant must contain under appropriate headings and in the following order:

\*　\*　\*　\*　\*　\*

"5. An argument. The argument may be preceded by a summary. The argument must contain the contentions of the appellant with respect to the issues presented, and the rea-sons therefor, with citations to the authorities, statutes, and parts of the record relied on. The argument must avoid unnecessary repetition."

We have also stated: "Where a party fails to provide supporting argument for an issue listed in his brief, he is deemed to have waived that issue." *State v. Obrigewitch*, 356 N.W.2d 105, 109 (N.D.1984).

or evident irregularity. Therefore, we find Rub's first assertion to be without merit.

 Rub's second issue is apparently that Judge Hodny violated his oath of office by denying Rub's request for a jury trial. As the order denying the request for a jury trial is the subject of another appeal [civil number 910004], we decline to address this issue at length here. It is sufficient to say he is not entitled to a jury trial in this case because the foreclosure of a contract for deed is an action in equity and not an action at law. *First National Bank and Trust of Williston v. Brakken*, 468 N.W.2d 633, 635 (N.D.1991).

For Rub's third issue he asserts that Judge Hodny did not display professional and proper judicial conduct. Rub has failed to particularize the conduct he believes to be improper. Our review of the record does not reveal any patent, obvious, or evident irregularity in regard to unprofessional or non-judicial conduct.[3] Rub's third issue is, therefore, without merit.

For his fourth issue, Rub asserts that Judge Hodny attempted to hold trial in the wrong venue. He does not assert that trial was actually held in the wrong county. Once again Rub has failed to particularize and has failed to refer us to relevant case or statutory law.[4] The fourth issue is without merit.

 Rub's fifth and final assertion is that Judge Hodny showed his bias and prejudice. In support of this assertion, Rub offers only conclusory statements and has failed to indicate any specific evidence of bias or prejudice.[5] Our review of the record does not reveal any prejudice or bias. We find Rub's fifth assertion to be without merit.

 The Trust seeks to impose costs and attorney's fees on appeal, pursuant to Rule 38, N.D.R.App.P. The Trust asserts Rub's appeal is frivolous. "An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which evidences

bad faith." *Vogel v. Pardon*, 444 N.W.2d 348, 353 (N.D.1989) (citing *Mitchell v. Preusse*, 358 N.W.2d 511, 514 (N.D.1984)). In light of the fact that Rub has also filed an appeal from the judgment, we decline to impose sanctions pursuant to Rule 38 of N.D.R.App.P.

For the reasons stated in the opinion, we find no error in the denials of the demands for change of judge or the denial of the new trial on the basis of the trial judge's conduct and we accordingly affirm the orders in all respects.

VANDE WALLE, GIERKE and MESCHKE, JJ., concur.

LEVINE, J., concurs in the result.

---

3. See, supra, note 2.

4. See, supra, note 2.

5. See, supra, note 2.