ADOLPH RUB TRUST, FIRST TRUST COMPANY OF NORTH DAKOTA, Plaintiff and Appellee,

v.

Duane E. RUB, Defendant and Appellant,

and

Marlys M. Rub, NoDak Ranch & Home Supply and United States of America, acting through Farmers Home Administration, United States Department of Agriculture, Defendants.

Civ. Nos. 910004, 910051.

Supreme Court of North Dakota.

Aug. 16, 1991.

Lucas & Smith, Bismarck, for plaintiff and appellee;  argued by A. William Lucas.

Duane E. Rub, pro se.

GIERKE, Justice.

■■■ Duane E. Rub appeals from a district court order striking his demand for a jury trial and from a subsequently entered judgment cancelling a contract for deed and dismissing his counterclaim. We affirm.[1]

In July 1978 Duane and his wife, Marlys Rub, entered into a contract for deed with Adolph Rub, Duane's father, to purchase certain property in Grant County for $104,000. Adolph died in May 1980. Adolph's will created the Adolph Rub Trust [Trust] for the benefit of his wife, Amelia Rub, who was Adolph's second wife and not the natural mother of Duane. Adolph bequeathed the property covered by the contract for deed to the trustee with the income from the property to go to Amelia until her death. The property was deeded to First National Bank and Trust Company of Bismarck as trustee, which was the predecessor trustee to First Trust Company of North Dakota [Trustee].

The Trustee initially received a $27,767.37 cash contribution from Adolph's estate to place in the Trust. The Trustee also received Adolph's rights under the contract for deed, which, at the time, had an unpaid principal balance of $34,114.08. Duane and Marlys have not made a payment under the terms of the contract for deed since January 10, 1983.

In 1987 the Trust sued Duane and Marlys to cancel the contract for deed by action. Duane filed an answer and counterclaim against the Trust, and demanded a jury trial. Proceedings were stayed on two occasions by Duane's filing of bankruptcy petitions, which were subsequently dismissed. The trial court then struck Duane's demand for a jury trial.

Amelia, age 81 at the time of trial, testified that she last received a payment from the Trust on January 6, 1986. She testified that she had used the income from the Trust for her support and that she currently receives $465 per month in social security benefits which leaves her approximately $500 short of meeting her monthly expenses.

The trial court found that Duane owed $50,365.44 under the contract for deed and ordered the contract for deed cancelled and the counterclaim dismissed. The trial court allowed 30 days, until January 18, 1991, for redemption. No redemption occurred. These appeals followed.

Duane asserts that the trial court erred in striking his demand for a jury trial. We disagree.

■■■ Cancellation of a contract for deed by action is an action in equity. *Shervold v. Schmidt*, 359 N.W.2d 361, 363 (N.D.1984). There is no absolute right to a jury trial in an equitable action. *First Nat'l Bank and Trust v. Brakken*, 468 N.W.2d 633, 635 (N.D.1991). We have also recognized that a party who raises "legal defenses" denominated as a counterclaim in an equitable action is not entitled to have a jury trial on those defenses. *Brakken, supra*. Even when a counterclaim seeks damages, if "the damage claim is incidental to and dependent upon a primary claim for which a jury trial is not allowed, the parties are not entitled to a jury trial as to the damage claim." *Brakken, supra*, 468 N.W.2d at 635–636.

■■■ In his answer, Duane essentially alleged that the Trust would be "unjustly enriched" if cancellation were granted, that the Trustee should be removed, and that "Notice served by the Plaintiff was defective...." He also raised the confiscatory price defense. In his counterclaim, Duane sought $87,708.19 in damages for "unjust[ ] enrich[ment]," *i.e.*, the payments he had already made toward the purchase price plus "improvements upon the real estate." Duane also sought $10,000 in damages for "defending this lawsuit."

Duane's "affirmative defenses" were "legal defenses" to the equitable cancellation action for which a jury trial may be denied.

---

**1.** An order denying a jury trial is an interlocutory, nonappealable order. *United Hospital v. Hagen*, 285 N.W.2d 586, 588 (N.D.1979). However, the order is reviewable on an appeal from a final judgment. *Hagen, supra*. Because there is an appeal from the final judgment in this case, the jury trial issue is properly before us.

*See Brakken, supra.* Likewise, Duane's claims for damages, based primarily on a theory of unjust enrichment, were merely incidental to and dependent upon one of his defenses to the cancellation action. *See Brakken, supra,* 468 N.W.2d at 636. Under these circumstances, we conclude that the trial court did not err in striking Duane's demand for a jury trial.

Duane asserts that the trial court erred in failing to apply the statutory notice and redemption requirements found in Chapter 32–18, N.D.C.C., which deals with cancellation of land contracts by notice. He contends that he should have received a six-month notice to correct the default or should have been given at least one year to redeem the property.

▇▇▇ It is well settled that cancellation of a contract for deed by notice pursuant to Chapter 32–18 is not an exclusive remedy. *Straub v. Lessman,* 403 N.W.2d 5, 6–7 (N.D.1987); *Striegel v. Dakota Hills, Inc.,* 365 N.W.2d 491, 496–497 (N.D.1985). *See also* J. Leahy, *Cancellation of Land Contracts,* 32 N.D.L.Rev. 5 (1956). The Trust elected to cancel the contract for deed by action in this case. If a seller elects to cancel the contract by action, no statutory written notice of intent to cancel the contract is required. *Schumacher Homes, Inc. v. J & W Enterprises,* 318 N.W.2d 763, 765 (N.D.1982). Also, when a seller cancels by action there is no statutory redemption period; rather, the matter is left to the sound discretion of the trial court. *Straub, supra; Bender v. Liebelt,* 303 N.W.2d 316, 319 (N.D.1981).

▇▇▇ The trial court recognized that the 30–day redemption period was somewhat "short," but reasoned:

"[N]o payment has been made since 1983, so this is not the kind of a situation where a creditor is attempting to force through a hasty foreclosure or cancellation in order to take advantage of some debtor. We also have an 81 year old person involved in this case, namely the widow of the Defendant's father. The father clearly expressed an intention to provide for her support. She needs the money....

"[S]he is short about four to $500 a month in meeting her monthly budget requirements. It is not equitable to deny to her what her husband and Defendant's father wanted her to have."

We do not believe that the trial court abused its discretion in setting the redemption period at 30 days.

▇▇▇ Duane asserts that he was not in default. This argument is premised on an accounting entry on a cash statement for the Trust indicating receipt of the contract for deed with an asset cost of $34,114.08. A trust officer testified that the accounting entry merely showed receipt of the contract for deed as an asset and did not indicate a payment of $34,114.08. Duane produced no evidence to show that he paid that amount. The trial court's finding that Duane was in default is not clearly erroneous. Rule 52(a), N.D.R.Civ.P.

Duane asserts that he should be entitled to relief based on the confiscatory price defense. Duane presented no evidence at trial on this matter. Therefore, we conclude that the trial court did not err in refusing to grant Duane relief on this theory. *See, e.g., Federal Land Bank of Saint Paul v. Anderson,* 401 N.W.2d 709, 712 (N.D.1987); *Federal Land Bank of St. Paul v. Bagge,* 394 N.W.2d 694, 696 (N.D.1986).

Duane also complains about the "bias and prejudice" of the trial judge. We rejected this same contention in *Adolph Rub Trust, First Trust Co. v. Duane E. Rub et al.,* 473 N.W.2d 442 (N.D.1991).

We have reviewed the other issues raised by Duane and deem them to be without merit.

▇▇▇ The Trust seeks costs and attorney fees under Rule 38, N.D.R.App.P., asserting that Duane's appeals are frivolous. An appeal is frivolous if it is "flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which evidences bad faith." *Vogel v. Pardon,* 444 N.W.2d 348, 353 (N.D.1989). While several of Duane's arguments are

77

"so devoid of merit that he should have been aware of the impossibility of his success on appeal" [*Mitchell v. Preusse*, 358 N.W.2d 511, 514 (N.D.1984)], we cannot say the same about his issues concerning jury trial and adequacy of the redemption period. Accordingly, we deny the request for costs and attorney fees.

The order and judgment of the district court are affirmed.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.