Sylvester A. ZIEBARTH, a/k/a
Silver Ziebarth, Plaintiff,

and

Carol A. Ziebarth, Plaintiff
and Appellant,

v.

FARM CREDIT BANK OF ST. PAUL,
Rodney Foss, Donald Brown, Avril
Brown, Jeffrey Brown, Lynn Brown,
Michael Brown, Mark Erickson, and
Suzanna Erickson, Defendants and Ap-
pellees.

Civ. No. 920250.

Supreme Court of North Dakota.

Dec. 22, 1992.

Carol A. Ziebarth, pro se, for plaintiff and appellant.

John L. Sherman of Mackoff, Kellogg, Kirby & Kloster, PC, Dickinson, for defendants and appellees.

VANDE WALLE, Justice.

Carol Ziebarth appealed from a Bowman County Court order which denied her motion objecting to the method by which a judge was assigned to hear her case. We dismiss the appeal and award attorney's fees.

The history of Ziebarth's legal battles is quite lengthy, and an abbreviated synopsis of the legal actions in which she was involved is in order. In the mid–1970s, Carol Ziebarth and her husband, Sylvester, a.k.a. Silver, executed real estate mortgages based on their farm and ranch property located near Scranton in favor of the Federal Land Bank of St. Paul. The Ziebarths continued to make payment on the mortgage until 1985. In 1990, Farm Credit Bank of St. Paul [FCB], successor to the Federal Land Bank of St. Paul, obtained a foreclosure on the Ziebarth property which, after separate appeals by Sylvester and Carol, was summarily affirmed by this Court. *Farm Credit Bank of St. Paul v. Ziebarth*, 458 N.W.2d 513 (N.D.1990) [two cases]. Thereafter, Sheriff's Sales were held, and on May 3 and 8, 1990, FCB pur-

chased the Ziebarth lands which are the subject of this action. Ziebarth filed a complaint in the Southwest Judicial District Court which sought to set aside the Sheriff's Sales, but the complaint was dismissed. On May 6, 1991, Sheriff's Deeds to the Ziebarth property were issued to FCB. Ziebarth filed an action in the United States District Court which attacked the Sheriff's Sales, *Ziebarth v. Federal Land Bank of St. Paul*, No. A1–91–071 (D.N.D. 1991), and after the court dismissed the action, Ziebarth appealed to the Eighth Circuit Court of Appeals, which affirmed the District Court's dismissal. *Ziebarth v. Federal Land Bank of St. Paul*, 975 F.2d 867 (8th Cir.1992). An entry of Judgment of Eviction against the Ziebarths was entered on August 29, 1991 by the Bowman County Court, and a Writ of Eviction was served upon the Ziebarths. Ziebarth again appealed, and we affirmed the Eviction Judgment in *Farm Credit Bank of St. Paul v. Ziebarth*, 485 N.W.2d 788 (N.D. 1992). The United States Supreme Court denied certiorari and refused to issue a writ to our Court. *Ziebarth v. Farm Credit Bank of St. Paul*, —— U.S. ——, 113 S.Ct. 501, 121 L.Ed.2d 437 (1992).

The subject of this appeal began with a Complaint for Eviction from Real Property filed in the Bowman County Court in which Ziebarth attempted to regain possession of the land which was sold to FCB. Because he is related to the Ziebarths, Zane Anderson, Judge of the County Court of Bowman County, filed a Request for Re–Assignment Upon Self–Disqualification pursuant to Rule 17 of our Administrative Rules and Orders[1]. Ronald Hilden, Judge

---

1. Rule 17 of the Administrative Rules and Orders reads:

*Administrative Rule 17. Rule Relating to District Judge, County Judge, and Municipal Judge Self–Disqualification Procedure.*

1. Whenever a district judge, county[*] judge, or municipal judge for whom an alternate judge has not been appointed pursuant to statute determines, for any reason, that it is inappropriate to preside in an assigned case, the judge shall refer the case to the presiding judge of the judicial district for reassignment.

[*] The effective date of the application of this rule to HB 1060 county judges shall be January 1, 1983.

This rule does not apply to Chapter 27–07 county judges or Chapter 27–18 county justices.

This rule applies to Chapter 27–08 county judges with increased jurisdiction from its effective date until December 31, 1982.

of the County Court of Stark County, was assigned the case by Maurice Hunke, Presiding Judge of the Southwest Judicial District. Ziebarth filed a "Plaintiff's Objection to Notice of Assignment of Judge," followed by a "Motion to Object to Method of Assignment of Judge," which contended that, in assigning Judge Hilden to hear the case in Bowman County Court, Rule 17, AR, was misinterpreted. Judge Hilden entered an order denying Ziebarth's motion, and, prior to the time of the scheduled trial, Ziebarth filed her notice of appeal to this Court.

Ziebarth contends that the trial court erred when it "allegedly attempted to appoint a judge from a foreign jurisdiction into the Bowman County Court, when there is no provision for such an appointment" because "there is no provision in the North Dakota Administrative Rules for the assignment of a judge from another county court, or district court, into the jurisdiction of a North Dakota county court, if that judge is not a duly elected county judge from the subject sovereign county." By contending that Judge Hilden was improperly assigned to the case, it is axiomatic that Ziebarth believes another judge should hear it. She argues that a "legal method, pursuant to The Constitution of the United States of America, Amendment V, The North Dakota Constitution, Article VI, and applicable law, must be used to select a county judge for Bowman County." Since her demand was denied, she essentially appeals from a denial of a demand for a change of judge.

█ For our Court to review a judge's ruling, the judgment or order on which it is based must be appealable. NDCC §§ 28-27-01, 28-27-02. An order denying a demand for a change of judge alone is a nonappealable order. NDCC § 28-27-02; *Adolph Rub Trust v. Rub*, 473 N.W.2d 442 (N.D.1991). Correspondingly, the order denying Ziebarth's objection to the assignment of a judge is not appealable prior to an entry of judgment. *United Hospital v. Hagen*, 285 N.W.2d 586 (N.D.1979). Ziebarth is precluded from a right to an appeal on this matter.

█ If this were an appealable issue, Ziebarth would not prevail. Ziebarth contends that the assignment of Judge Hilden to replace Judge Anderson was done in violation of AR 17. The Supreme Court is authorized to promulgate rules necessary for, among other things, the administration of county courts, such as Bowman County. *N.D. Const.* art. VI, § 3; NDCC § 27-02-05.1. We have promulgated Rule 17 of the Administrative Rules and Orders to cover instances such as this when a county judge is disqualified from hearing a case. *See* f.n. 1. If the judge recuses himself, the presiding judge of the district, in this case the Southwest Judicial District, the district in which Bowman County is located, may reassign the case to another duly qualified judge within the district. Judge Hilden is a county judge within the scope of Chapter 27-07.1, NDCC, whose chambers are in the Southwest Judicial District. There is nothing in AR 17 which prevented Judge Hunke from assigning Judge Hilden to hear the case in Bowman County Court.

Ziebarth argues that AR 17, by its own terms, ceased being applicable to county judges with increased jurisdiction on December 31, 1982, and regardless, has never been applicable to county judges. *See* asterisk, f.n. 1. Zane Anderson, County Judge for Bowman County, is a county judge within the scope of Chapter 27-07.1, NDCC. He is neither a county judge under the former Chapter 27-07, NDCC, a county judge with increased jurisdiction under the former Chapter 27-08, NDCC, nor a county justice, under the former Chapter 27-18, NDCC. Ziebarth conveniently ignores that Judges Hilden and Anderson are "H.B. 1060 County Judges" within the meaning of the rule upon which she relies. *See* 1981 N.D.Laws, Ch. 319 *codified at* Chapter 27-07.1, NDCC. What Ziebarth refers to in the asterisk in AR 17 is simply the provision for transition from county courts with increased jurisdiction in 1981 to county courts, as they presently exist, in 1983. AR 17 is the result of the exercise by this Court of its authority to assign judges for temporary duty in any court in this state. *See N.D. Const.* art. VI, §§ 3, 11. AR 17

clearly applies to the self-disqualification of Judge Anderson and clearly allows Judge Hunke to assign the case to Judge Hilden.

 Rule 38 of the North Dakota Rules of Appellate Procedure, as well as section 28–26–01, NDCC, allow us, as a means of controlling the appellate process, to award just damages and reasonable attorney's fees if an appeal is frivolous and without merit. An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which could be seen as evidence of bad faith. *Mitchell v. Preusse,* 358 N.W.2d 511 (N.D.1984); *Danks v. Holland,* 246 N.W.2d 86 (N.D.1976). This appeal is frivolous and without merit. Whether or not the appeal was filed in good faith, the plain meaning of AR 17 clearly applies to this case—there is a complete absence of grounds on which a reasonable person could have thought we would render judgment in their favor. NDCC § 28–26–01. Furthermore, we recognize Ziebarth's litigious nature and her propensity to appeal meritless claims, as evidenced by the above history of her legal forays. Her appellant's brief and reply brief attempt to raise issues that were decided against the Ziebarths in those prior proceedings.

We dismiss Ziebarth's appeal. Counsel for FCB has submitted an affidavit setting forth a statement of the fees incurred in this case in the amount of $3,224.74.[2] Ziebarth has not challenged the amount of those fees, maintaining only that her appeal is not frivolous and no fees are justified. We award attorney's fees in the amount of $1,600.00 plus costs and order judgment for that amount against Ziebarth.

ERICKSTAD, C.J., and LEVINE, MESCHKE and JOHNSON, JJ., concur.

---

**2.** The enumeration of attorneys' fees thus far incurred by FCB is in affidavit form. We have held that if more than a mere token amount of attorney's fees is requested, the request should be accompanied by affidavit documenting the work performed on appeal to enable us to calculate the amount of reasonable attorney's fees to be assessed. *First Trust Co. of N.D. v. Conway,* 423 N.W.2d 795 (N.D.1988); *United Bank of Bismarck v. Young,* 401 N.W.2d 517 (N.D.1987).