Filed 2/17/12 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2012 ND 30

Richard Bendish and Mary Bendish, Plaintiffs and Appellees

v.

James Castillo, Cendak Development Corporation,

Fort Rice Bar & Grill, Inc. and the State of North

Dakota acting through the Office of the State Tax

Commission, Respondents

Cendak Development Corporation and 

Fort Rice Bar & Grill, Inc., Appellants

No. 20110122

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable Sonna M. Anderson, Judge.

AFFIRMED.

Opinion of the Court by Kapsner, Justice.

Thomas Bruce Bair, P.O. Box 100, Mandan, N.D. 58554-0100, for plaintiffs and appellees.

Benjamin C. Pulkrabek, 402 First Street Northwest, Mandan, N.D. 58554-

3118, for appellants.

Bendish v. Castillo

No. 20110122

Kapsner, Justice.

[¶1] 
Cendak Development Corporation and Fort Rice Bar & Grill, Inc. (“Cendak”), appeal from a judgment entered in favor of Richard and Mary Bendish, canceling Bendishes’ contract for deed with James Castillo and holding Cendak had no right to redeem the property under a lease purchase agreement.  
We affirm, concluding the district court did not abuse its discretion in not granting Cendak a right to redeem the property.

I

[¶2] This is an action to cancel a contract for deed.  In 2003, Bendishes owned land in Fort Rice, North Dakota, where they operated a business called the “Outpost.”  In March 2003, the Bendishes entered into a contract for deed to sell the property to Castillo for $40,400.  Castillo made a down payment of $7,500 and was to make monthly payments of $620.86 on the contract for deed, with an annual interest rate of five percent.  Castillo made regular payments on the contract for deed through January 1, 2005.  

[¶3] On December 28, 2006, Richard Bendish, Castillo, and Ivan Gange, on behalf of Cendak, executed a “Lease Purchase Agreement,” which included handwritten notations initialed by each of the parties.  The agreement was not filed with the Morton County Register of Deeds.  Castillo and then Gange operated the Fort Rice Bar & Grill on the premises.  After January 2005, Bendishes received sporadic payments from Castillo and then Gange. 

[¶4] In 2010, the Bendishes sued Castillo and Cendak, alleging default under the terms and conditions of the contract for deed and seeking to cancel the contract for deed.  Cendak answered and counterclaimed, denying any default had occurred and alleging Bendishes had been fully paid under the contract.  Cendak alleged that Castillo had assigned the contract for deed to Cendak and that Bendishes had agreed to the assignment and accepted payments from Cendak on the contract for deed.  Cendak requested the court order Bendishes to execute a warranty deed transferring the property to Cendak. 

[¶5] At trial, the parties disagreed regarding the amounts still owed on the contract for deed, whether the contract for deed was properly assigned to Cendak, and whether Castillo or Cendak was in default.  After trial, the court found Castillo was in default under the contract for deed and Cendak was in default under the “Lease Purchase Agreement.”  The court canceled the contract for deed and held neither Castillo nor Cendak had the right to redeem the property.

II

[¶6] The narrow issue raised on appeal is whether the district court erred when it failed to give Cendak a period of redemption in the Bendishes’ action to cancel the contract for deed.

[¶7] This Court has said there are basically two methods to cancel a contract for deed: 1) a statutory cancellation under N.D.C.C. ch. 32-18; or 2) a court action.  
See
 
Pyle v. Egeberg
, 356 N.W.2d 94, 96-97 (N.D. 1984); 
Johnson v. Gray
, 265 N.W.2d 861, 862 (N.D. 1978); 
see also
 James E. Leahy, 
Land Contracts Revisited
, 69 N.D. L. Rev. 515 (1993); James E. Leahy, 
Cancellation of Land Contracts
, 32 N.D. L. Rev. 5 (1956).  Cancellation of a contract for deed by action is an action in equity, and the district court must base its decision on equitable principles.  
See
 
Shervold v. Schmidt
, 359 N.W.2d 361, 363 (N.D. 1984); 
Schumacher Homes, Inc. v. J & W Enters.
, 318 N.W.2d 763, 765 (N.D. 1982).

[¶8] “If a seller elects to cancel the contract by action, no statutory written notice of intent to cancel the contract is required.”  
Adolf Rub Trust v. Rub
, 474 N.W.2d 73, 76 (N.D. 1991).  Further, when a seller cancels a contract for deed by action, there is no statutory redemption period and the redemption period is left to the district court’s sound discretion.  
Moch v. Moch
, 1997 ND 69, ¶ 19, 562 N.W.2d 558; 
Adolf Rub Trust
, 474 N.W.2d at 76; 
Straub v. Lessman
, 403 N.W.2d 5, 6-7 (N.D. 1987); 
Bender v. Liebelt
, 303 N.W.2d 316, 318-19 (N.D. 1981).  In 
Liebelt
, 303 N.W.2d at 319, this Court stated:

“[
I]n the absence of particular circumstances
 affecting the situation, a vendee defaulting under an executory land sale contract is entitled to a period within which to redeem after entry of the decree of foreclosure . . .” [Emphasis supplied.]  51 A.L.R. 672, 675-76.  The facts of each case must be examined in order to determine the propriety of a redemption provision.

 

The Court in 
Liebelt
 held that a district court did not abuse its discretion in failing to afford any period of redemption in a default judgment.  Although the Liebelts had cited contract cancellation cases which had provided some redemption period, 
i.e.
, 
Ryan v. Bremseth
, 48 N.D. 710, 186 N.W. 818 (1922); 
People’s State Bank of Hillsboro v. Steenson
, 49 N.D. 100, 190 N.W. 74 (1922); 
Funderburg v. Young
, 68 N.D. 481, 281 N.W. 87 (1938), the Court observed that the vendees in the cases “were in physical possession, had tilled or improved the land, and appeared to defend” in the vendor’s cancellation action.  The Liebelts, however, failed to appear or answer the complaint and provided no compelling reason to avoid the judgment.  The Court held, “While courts should ordinarily attempt to avoid forfeiture, we do not believe the court, in this context, abused its discretion.”  
Liebelt
, at 319.

[¶9] When a district court exercises its discretion after weighing the equities of the case, we will not interfere unless an abuse of discretion is affirmatively established.  
Moch
, 1997 ND 69, ¶ 19, 562 N.W.2d 558; 
Shervold
, 359 N.W.2d at 363; 
Zimmerman v. Campbell
, 245 N.W.2d 469, 471 (N.D. 1976) (“We do not substitute our judgment for that of the court.”).  A district court abuses its discretion when it acts arbitrarily, unconscionably, or unreasonably, or when its decision is not the product of a rational mental process leading to a reasoned determination.  
Johnson v. Hovland
, 2011 ND 64, ¶ 8, 795 N.W.2d 294; 
Shervold
, at 363.  

[¶10] Here, the district court found certain facts were not in dispute.  The court found that Bendishes and Castillo entered into the contract for deed in March 2003 for the Bendishes’ property; that Castillo made a down payment of $7,500 and made regular payments on the contract for deed through January 1, 2005; that Bendish, Castillo, and Cendak executed a Lease Purchase Agreement, which was never filed with the register of deeds; that the State filed tax liens against Castillo in 2009 and 2010 for a total of $45,494.49; and that when Castillo made the last regular payment on January 1, 2005, the contract for deed balance was $23,355.07.  The court also found Bendish received various cash payments totaling $19,800 from either Castillo or Gange after January 1, 2005; and that Bendish agreed to accept and acknowledged receiving a 2000 pickup as credit for a $2,500 payment on the contract.

[¶11] The district court explained, however, that the parties disagreed over the amount due on the contract for deed.  The court found that the original contract for deed was controlling, that Richard Bendish’s understanding of the Lease Purchase Agreement evidenced the parties’ intent, and that Gange failed to comply with the agreement’s terms.  Bendish had testified that although he had signed the Lease Purchase Agreement, which called for the delinquent payments to be brought current, he did not consider the agreement to be an assignment of the contract for deed.  The court specifically found Castillo and Cendak’s payments, when totaled, did not satisfy the amount due under the contract for deed; that the Lease Purchase Agreement, or any other agreement, did not modify the original contract for deed; that Bendishes only received sporadic payments after January 2005; that Castillo or Cendak operated a business on the property; and that Bendish did not accept the pickup as full payment on the contract for deed.  The court concluded Castillo was in default under the contract for deed and Cendak was in default under the Lease Purchase Agreement.  In cancelling the contract for deed, the court held that “[n]either Castillo nor Cendak/Gange have the right to redeem the property.”

[¶12] Cendak argues the district court erred in failing to give it any period of redemption.  Cendak contends that no deficiency amount was due to the Bendishes and that the pickup truck constituted full and final payment on the contract for deed.  Cendak also argues that under the Lease Purchase Agreement, “it appears” that the language in the agreement is that of a contract for deed.  Cendak argues it therefore should have been allowed a period of redemption because Cendak was in possession of the property, was running two businesses on the property, had improved the land, and had appeared to defend the cancellation action.

[¶13] Bendishes respond the district court properly cancelled the contract for deed without granting a right to redeem to Cendak because Cendak had no interest in the title to the property.  Bendishes assert Cendak was not Castillo’s assignee, was not a mortgagee of Castillo’s interest, and had no lien against Castillo’s interests.  Bendishes argue that under the Lease Purchase Agreement, Castillo did not assign his interest in the contract for deed to Cendak and Cendak breached its agreement with Castillo.  Bendishes contend Cendak has no right to redeem based on its lack of interest in the property, lack of assignment of Castillo’s interest, and failure to comply with the agreement terms.

[¶14] We conclude the language of the “Lease Purchase Agreement,” controls whether the district court abused its discretion in not giving Cendak a period of redemption.  Although Cendak’s answer alleged that Castillo had assigned his interest in the contract for deed to Cendak, Cendak argues on appeal that the Lease Purchase Agreement is actually a contract for deed.  Bendishes maintain that the document is neither an assignment of the Bendish-Castillo contract for deed nor a new contract for deed.  

[¶15] “A purchaser under a contract for the sale of real estate generally may assign his or her interest without the consent of the vendor, in the absence of a restriction in the contract, but the assignee of a vendee’s interest in real property has no greater rights than the assignor.”  92A C.J.S. 
Vendor and Purchaser
 § 538 (2010).  “An assignment of a contract for the sale of land generally need not conform to any particular mode or form, but neither party to such a contract is bound by an assignment made by the other in the absence of sufficient notice.”  
Id.
 § 540.  “A mere agreement to assign a debt or chose in action at some future time will not operate as an assignment so as to vest any present interest in the assignee.”  6A C.J.S. 
Assignments
 § 67 (2004).  “A valid assignment contemplates no further action by the assignor, whereas a contract involves a promise to do some future act to perfect an assignee’s right.”  
Id.
  “Ordinary rules of construction are used to determine whether a particular contract is an assignment or merely an executory agreement to assign.”  
Id.
  

[¶16] Under North Dakota law, construction of a written contract to determine its legal effect presents a question of law, which is fully reviewable.  
Schwarz v. Gierke
, 2010 ND 166, ¶ 11, 788 N.W.2d 302; 
Peoples State Bank of Truman, Inc. v. Molstad Excavating, Inc.
, 2006 ND 183, ¶ 19, 721 N.W.2d 43.

[O]n appeal, we independently examine and construe the contract to determine if the trial court erred in its contract interpretation.  
General Elec. Credit Corp. v. Larson
, 387 N.W.2d 734, 736 (N.D. 1986).  A court’s primary goal in interpreting a contract is to ascertain the mutual intentions of the contracting parties.  
National Bank of Harvey v. International Harvester Co.
, 421 N.W.2d 799, 802 (N.D. 1988). “Section 9-07-06, N.D.C.C., requires that a contract be interpreted as a whole.”  
Id.
 at 802.  Under NDCC 9-07-12, “[a] contract may be explained by reference to the circumstances under which it was made.”  
Id.
 at 803.  “If the language of the contract is clear and unambiguous, and the intent is apparent from its face, there is no room for further interpretation.”  
Habeck v. MacDonald
, 520 N.W.2d 808, 811 (N.D. 1994).  Still, as 
Continental Cas. Co. v. Kinsey
, 499 N.W.2d 574, 577 (N.D. 1993), discussed, a contract is ambiguous when reasonable arguments can be made for different positions on its meaning.  

 

Whether or not a contract is ambiguous is a question of law.  
Habeck
 at 811.  “A determination of ambiguity is but the starting point in the search for the parties’ ambiguously expressed intentions,” since an ambiguity creates “questions of fact to be determined with the aid of extrinsic evidence.”  
Bohn v. Johnson
, 371 N.W.2d 781, 788 (N.D. 1985).  When the terms of a contract are ambiguous, “extrinsic evidence of the parties’ intent may be considered and the terms of the contract and the parties’ intent become questions of fact.”  
Wachter Development, L.L.C. v. Gomke
, 544 N.W.2d 127, 131 (N.D. 1996).  As 
National Bank of Harvey
, 421 N.W.2d at 803, explained, the resolution of an ambiguity with extrinsic evidence requires the trier of fact to make a finding of fact.

 

Moen v. Meidinger
, 547 N.W.2d 544, 546-47 (N.D. 1996).

[¶17] The “Lease Purchase Agreement,” which contains hand-written notations initialed by the parties, purportedly correcting certain amounts, and which contains numerous blank spaces without any amounts, provides:

WHEREAS, James Castillo (“Castillo”) is purchasing by Contract for Deed the following described property:

 

Lot F of Auditor’s Subdivision of the SW1/4NW1/4 of Section 11, Township 135 North, Range 79 West of the 5th P.M.

 

From Richard Bendish and Mary Bendish (“Bendish”).

 

WHEREAS, Castillo wants to assign said Contract to Cendak Development, Inc. (“Cendak”).

 

WHEREAS, Castillo, Bendish and Cendak have agreed to the following:

 

Cendak will pay to Bendish [$6,292.08 less $3,000 (paid)] . . . .

 

Cendak will pay _________ to Mor-Gran-Sou.

 

Cendak will pay the back taxes owed on the above described land of $ ____________.

 

Cendak will pay the abstractors’ fee of ($265.00) Two Hundred Sixty Five Dollars.

 

Cendak will pay _______ to transfer the license fee.

 

Cendak will pay ($2,500.00) Two Thousand Five Hundred Dollars to Castillo and will not have a payment until April, 2007.

 

Cendak will get credit for all above payments against a purchase price of ($60,000.00) Sixty Thousand Dollars.

 

Cendak will pay the Bendishes’ [$620.86] . . . until said Contract in the amount of $______, less then [sic] [$6,292.08] . . . above, is paid in full.

 

Cendak will pay Castillo ($829.00) Eight Hundred Twenty Nine Dollars per month until said Contract in the amount of $ ________, is paid in full.  First payment to start April 1, 2007 

 

Cendak will pay insurance on building, and will pay to Benjamin C. Pulkrabek’s office to disburse to Bendish and Castillo.

 

When Bendish is paid in full, payment to Castillo will stay at ($829.00) Eight Hundred Twenty Nine Dollars.

 

When Castillo is paid in full, Castillo will have clean Title/Deed to property.

 

Liquor License, furniture, and fixtures are all part of the deal that stays with Cendak.

 

[¶18] The plain language of this agreement states that Castillo “wants to assign” the contract, presumably his equitable interest as vendee in the contract for deed, to Cendak.  Although the language of the document authorizes Cendak to undertake various obligations to pay various amounts of money, including to Bendish, no language transfers any interest in the property to Cendak.  The plain language of the agreement does not specifically assign Castillo’s interest in the contract for deed to Cendak; rather, the language provides that once Bendish is “paid in full,” Cendak will continue payments to Castillo.  Further, the agreement states that when Castillo is “paid in full,” Castillo, rather than Cendak, will have clean title or deed to the property.  Although Cendak agrees to undertake payment of various obligations under the agreement, no language in the agreement specifically assigns Castillo’s interest as vendee in the contract for deed to Cendak.  Although, the agreement may contemplate a future assignment of Castillo’s interests in the land to Cendak, because Cendak is not an assignee of Castillo under the agreement, Cendak is not entitled to redemption in the Bendishes’ action against Castillo to cancel the contract for deed.  Furthermore, under the facts found by the district court recited in paragraph 11 of this opinion, the equities of the case do not support a period of redemption.

[¶19] Based upon the language of the Lease Purchase Agreement and the equities of the situation, we cannot say that the district court acted in an arbitrary, unreasonable, or unconscionable manner, or that its decision was not the product of a rational mental process leading to a reasoned determination.  We therefore conclude the district court did not abuse its discretion in refusing to grant Cendak a redemption period.

III

[¶20] The judgment is affirmed.

[¶21] Carol Ronning Kapsner

Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.